WILLIAM K. McALLISTER, Appellant, *v.* ROBERT R. BALL, Appellee.

APPEAL FROM SUPERIOR COURT OF CHICAGO.

It is error to take judgment on a demurrer to special counts, whilst a plea of the general issue remains undisposed of.

A demurrer may be properly sustained to special counts of a declaration, which were also common counts, if there is only a general breach, which applies to all.

The Cook County Court of Common Pleas could hold its terms by that name until the first Tuesday of April, 1859, when it lapsed into the Superior Court of Chicago.

THIS action was assumpsit, brought by the appellee against the appellant, to the April term, 1859, of the Cook County Court of Common Pleas.

The *placita* in the record purports to be in the Superior Court of Chicago, before three judges.

The declaration contains three special counts which are precisely alike, except as to the amount of notes declared on, and the time when payable; and are each, aside from said amounts and time when due, as follows :

For that, whereas, the said defendant, heretofore, to wit, on the 11th day of August, A. D. 1857, at Chicago, to wit, at said

county of Cook, made his certain promissory note in writing, bearing date the day and year aforesaid, and then and there delivered the same to the said plaintiff, in and by which said note, the said defendant, by the name, style and description of W. K. McAllister, promised to pay to the order of the plaintiff, by the name, style and description of R. R. Ball, three months after date, the sum of one hundred dollars, payable at the banking office of R. K. Swift & Co., at Chicago, for value received. By means whereof, and by force of the statute in such case made and provided, the said defendant became liable to pay the said plaintiff the said sum of money mentioned in said note, and being so liable, in consideration thereof, then and there undertook and promised to pay the same to the said plaintiff, according to the tenor and effect of said note, to wit, at Cook county aforesaid.

No averment of any breach.

Then followed the common counts, thus:

And whereas, also, the said defendant, afterwards, to wit, on the first day of September, A. D. 1857, to wit, at said county, became and was indebted to the said plaintiff in a large sum of money, to wit, the sum of five hundred dollars, for money before that time lent and advanced to the defendant by the said plaintiff, at said defendant's request; and, also, in the like sum for money before that time paid, laid out and expended for said defendant by said plaintiff, at the like special request of said defendant; and in the like sum for money before that time had and received by said defendant, to and for the use of said plaintiff; and, also, in the like sum for goods, wares and merchandise, before that time sold and delivered by said plaintiff to said defendant, at the like special instance and request; and being so indebted, said defendant, in consideration thereof, then and there undertook and promised to pay said plaintiff said several sums of money *last above mentioned*, when thereunto afterwards requested; yet the said defendant, not regarding his said promises and undertakings, although often requested so to do, has not paid said plaintiff *either of said sums of money*, or any part thereof, but so to do hath hitherto wholly refused and neglected, and still doth refuse and neglect, to the damage of said plaintiff of five hundred dollars, etc.

To the said special counts the defendant demurred, and to the common counts pleaded the general issue, accompanied with an affidavit of merits as to those counts.

The record proceeds thus: " And afterwards, to wit, on the 6th day of July, in the year aforesaid (A. D. 1859), said day being one of the days of the July term of the Cook County Court of Common Pleas, the following, among other proceed-

McAllister *v.* Ball.

ings, were had and entered of record in said court"; which are: that the court overruled the demurrer to the special counts, with leave for defendant to plead over ; that the defendant elected to say nothing; whereupon his default was taken, the plaintiff's damages assessed, and judgment rendered for two hundred and thirty-one dollars and thirty-two cents.

There was no *nolle prosequi* of the common counts entered, nor trial upon them under the general issue.

The defendant prayed an appeal to this court, and assigns for error:

1.   That the Cook County Court of Common Pleas continued its name, and to hold terms thereof in July, 1859, after the act of the General Assembly, approved February 17, 1859, abolishing its name and organization, took effect.

2.   That it appears, by the record aforesaid, that said court was held by three judges, contrary to the provisions of the constitution of the State of Illinois.

3.   That the court erred in overruling the demurrer of appellant to the special counts of appellee's declaration.

4.   That the court erred in assessing damages and rendering judgment without any disposition of the issues, formed upon the common counts by the general issue pleaded thereto.

W. K. McAllister, *pro se.*

M. R. M. Wallace, for Appellee.

Breese, J.   There is error in this record in this, that the plaintiff took judgment on the demurrer to the special counts, whilst the general issue was filed, and undisposed of, to the common counts.   This plea should have been disposed of in some way.   For this error the judgment is reversed.

The demurrer to the special counts was properly sustained, as the general breach applied to all the counts.

As to the power of the Cook County Court of Common Pleas to hold terms by that name after the passage of the act of 17th February, 1859, it seems, from the second section of that act, that court continued in existence under that name until the first Tuesday in April of that year.   After that, it lapsed into the "Superior Court of Chicago," and was properly held by three judges.

The judgment is reversed and the cause remanded.

*Judgment reversed.*