# THIRD DISTRICT, NOVEMBER, 1897.

## MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS v. B. F. WILLIS.

### Decided November 3, 1897.

**1. Railway—Fencing Track at Station.**

A railway company is not required to fence its track at a spur switch used for loading cars when so doing would interfere with the public use of the spur, and is liable for stock there killed only in case of negligence.

**2. Railway—Killing Stock—Negligence.**

See testimony held in one case to support, and in another not to support, a finding of negligence on the part of the engineer in killing stock at a point where the company was not required to fence.

**3. Same—Failure to Fence at Other Points.**

A finding by the court that there was negligence in failing to fence the company's tracks at a point other than that where the stock was killed, it not appearing that they got on the track at such place, did not show liability on the part of the company.

**4. Negligence—Killing Stock—Burden of Proof.**

The burden of proving negligence of the railway company, where stock was killed at a point not required to be fenced, was on the plaintiff.

APPEAL from the County Court of Grayson. Tried below before Hon. J. H. WOOD.

*A. L. De Arman,* for plaintiff.—1. Where a railway company's right of way is left unfenced at a flag station, or any other place where the public convenience demands that it should be left unfenced, a recovery for stock killed at such place can only be had upon positive proof of some act of negligence upon the part of the company, its agents, or employes. Rev. Stats., art. 4528; Railway v. Cocke, 64 Texas, 153; Railway v. Dunham, 68 Texas, 231; Railway v. Wallace, 2 Texas Civ. App., 270; Railway v. Ogg, 28 S. W. Rep., 347; Railway v. Wink, 31 S. W. Rep., 326; Railway v. Blankenbeckler, 35 S. W. Rep., 331.

2. The court erred in the second conclusion of law, to the effect that it was negligence in the defendant's engineers in not using "such other means reasonably within their power to prevent accidents," in that plaintiff had made no proof showing any lack of diligence or failure to perform any duty incumbent upon them in this respect, and the conclusion of law assumes negligence without proof to support it.

COLLARD, ASSOCIATE JUSTICE.—This suit was brought by B. F. Willis against the appellant company in justice court for $150 damages. for killing two horses of the plaintiff at a flag station called Norton.

Judgment was recovered by plaintiff for $70, and the cause appealed to the County Court, where it was tried de novo, resulting in a judgment for plaintiff for $75. Defendant has appealed to this court.

There was a spur track opposite the place where the horses were killed, placed there for the convenience of the public, and used for loading wood, farm products, etc. The right of way along the spur was not fenced, nor was the main track, because it would interfere with the public use of the spur. The spur was about 200 yards long. The horses were on the main track opposite the spur when they were struck and killed. There was a platform opposite the south end of the spur, used for the convenience of passengers embarking and disembarking from passenger cars. One of the horses was killed a short distance to the north of the platform, and the other near the south end of the platform. The horses got on the track opposite the spur or near the south end, where it was not required to be fenced. One of the horses was struck and killed by defendant's locomotive going north at 2.30 a. m., on the 29th, and the other by another locomotive moving north at 11:37 p. m. on the 28th of April, 1893. North of the spur the road and another switch was not fenced for several hundred yards.

*Opinion.*—Under the circumstances the company was not required to fence its road opposite and along the spur switch. Railway v. Cocke, 64 Texas, 153; Railway v. Dunham, 68 Texas, 231; Railway v. Wallace, 2 Texas Civ. App., 270; 28 S. W. Rep., 347; 31 S. W. Rep., 326; 35 S. W. Rep., 331. Unless, therefore, there was negligence on the part of defendant's servants in operating the train, without which the horses would not have been killed, the company would not be liable in damages.

The testimony tends to show that there was negligence of the engineer operating the locomotive at 2:30 a. m. on April 29th, and that if he had exercised ordinary care the killing would have been avoided. He says: "When I first saw the horse, my engine was just striking him. My engine was just ready to hit the horse when I saw it. It was standing crossway of the track when I first saw him, and just as my engine hit him. It was night, about 2:30 o'clock a. m., and a dark night, too. There was no way in the world for me to have avoided striking the horse after I saw it, because I struck it just as I saw it. I made a grab for the whistle before the engine struck him, but I could not blow the whistle. It was a stock train; I could not have stopped it in less than 200 feet, with the train I was pulling."

It might well be inferred from this testimony that the engineer would have seen the horse on the track standing crosswise, if he had been keeping a proper lookout. The headlight with a proper lookout would have discovered him in time to have checked the train or have frightened the horse off the track. At least, such a finding would have been justified by the testimony.

The engineer operating the other locomotive, according to the testimony, was blameless. He testified: "I did not see the horse until it was

struck at about midway alongside the switch or wood spur track. It happened at about the midway point of said switch, and the first I saw was when the horse was struck by the engine. The horse which my engine struck came upon the main track from the left side of my engine going towards Denison. It came from behind either some cars or wood on said spur, and got upon the main track just as my engine struck him. I have said that the first I knew of the presence of the horse was just as my engine struck him; therefore, I know it came upon the track at that time, because I would have seen the horse had it been on the main track for half a minute or less time before it was struck; or, if he had got on from the right, I would have seen him get on the track. It was utterly impossible for me to have avoided striking the horse, because it got on the track just at the front end of my engine." This testimony does not show negligence.

We think the finding of the court that it was negligence not to fence another switch further on north of the spur, and the intervening space back to the spur, was an immaterial finding, because the testimony not only does not show that the horses got on the track in such place, but it does show that they entered on the track along or opposite the spur switch. The court correctly found that it was not negligence in not fencing the road along the spur switch and platform. This being true, it was of no consequence that another part of the road was not fenced, unless it was made to appear that the horses entered upon the track at that point. The judgment could not rest upon the negligence to fence at such point, as it seems was done.

It was the duty of the plaintiff to show negligence on the part of the defendant, which resulted in the loss. Defendant was not required to show that signals were given, or that the law as to approaching and passing the station was complied with, except in defense after evidence of failure had been offered. The judgment of the court must be reversed.

The horses were of different values, and it is impossible from the testimony to determine the value of either, as estimated by the court, and hence the judgment can not be affirmed as to one and reversed as to the other.

The judgment of the lower court is erroneous, and is in all things reversed and the cause remanded.

*Reversed and remanded.*