HOUSTON & T. C. RY. CO. v. HOLBERT.
(No. 5383.)

(Court of Civil Appeals of Texas. Austin. Jan. 5, 1916. Rehearing Denied Feb. 9, 1916.)

1. RAILROADS ☞443—KILLING STOCK—RECOVERY—SUFFICIENCY OF EVIDENCE.
    Evidence in an action against a railroad for damages for killing a horse on the track, alleging negligence in operating a train at a dangerous and rapid rate of speed and in failing to ring the bell and blow the whistle, *held* to sustain a verdict for plaintiff.
    [Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1608–1620; Dec. Dig. ☞443.]

2. RAILROADS ☞415—ANIMALS ON TRACK—CARE.
    Where a place within defendant's switch limits, where it was not required to fence its track, was grassed, and was a favorite place for stock to graze, as known to the defendant's engineer and employés, they were bound to keep a lookout for stock, and exercise greater care to discover them and avoid injury while passing such place than would be necessary if the stock were not in the habit of grazing there.
    [Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1476–1482; Dec. Dig. ☞415.]

3. RAILROADS ☞441 — ACTION FOR KILLING STOCK—BURDEN OF PROOF—FENCES.
    In an action for damages for a horse killed by defendant's engine, the burden was on defendant to show that it could not fence its track at the point where the injury occurred, even though within the switch limits.
    [Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1575–1595; Dec. Dig. ☞441.]

4. RAILROADS ☞441 — KILLING STOCK — FENCES.
    Where there was nothing to show that defendant railroad could not have fenced its tracks at the point where plaintiff's horse was killed, though within its switch limits, without inconveniencing the public, it was not necessary for plaintiff to show negligence in order to recover, the mere killing being enough.
    [Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1575–1595; Dec. Dig. ☞441.]

Appeal from Robertson County Court; J. L. Goodman, Judge.

Action by R. R. Holbert against the Houston & Texas Central Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Baker, Botts, Parker & Garwood, of Houston, Perry & Woods, of Franklin, and A. P. McCormick, of Waco, for appellant. H. S. Morehead, of Franklin, for appellee.

RICE, J. This suit originated in the justice's court, and was brought by appellee against appellant to recover damages for killing a horse of the alleged value of $199. There was a judgment in said court for defendant, from which appellee appealed to the county court, where judgment was rendered in his favor for the sum of $150, from which the railway company has prosecuted this appeal.

The negligence alleged consisted in operating the train at a dangerous and rapid rate of speed, and also failing to ring the bell and blow the whistle. Appellant denied that it was guilty of negligence as charged, and also defended on the ground that the injury occurred within the switch limits of the town of Bremond, where it was not required to fence its track.

[1, 2] The case is presented here upon one assignment of error only, which urges that the verdict of the jury is contrary to the evidence and wholly unsupported thereby. While there is some conflict in the evidence, it is shown on the part of appellee that at the time of striking the horse the train was running at a rapid rate of speed, to wit, about 30 to 35 miles an hour, and that there was a failure on the part of appellant to ring the bell or blow the whistle. It also appears by the uncontradicted evidence that grass was growing in and about the tracks where the injury occurred, and that this was a favorite place for stock to graze, which fact was known to the engineer and the employés of the railway company, the engineer testifying that he rarely ever passed there without seeing stock, which made it incum-

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

bent, we think, upon the employés of appellant to keep a lookout for stock, and exercise greater care to discover their presence and avoid injury to them while passing said point than would be necessary if stock was not in the habit of grazing there. Upon this evidence the jury found for the appellee. We think the evidence was sufficient to raise the issue as to whether appellant was guilty of negligence, under all the circumstances shown, and see no reason to disturb the verdict. See H. & T. C. Ry. Co. v. Garrett, 160 S. W. 111.

[3, 4] The burden of proof was upon appellant to show that it could not fence its track at the point where the injury occurred. It is true that the animal was killed within the switch limits, but there is nothing to show that the railway could not have been fenced at this point without inconveniencing the public; and, if this were true, then it is not necessary for appellee to show negligence on the part of appellant in order to recover; the mere killing being enough. See St. Louis, B. & M. Ry. Co. v. Dawson, 174 S. W. 850; I. & G. N. R. R. Co. v. Williams, 175 S. W. 486; I. & G. N. R. R. Co. v. Cocke, 64 Tex. 155; Gulf, C. & S. F. Ry. Co. v. Weems, 38 S. W. 1028. But it is not necessary to place our holding upon this point alone, since the verdict, we think, was amply sustained by the evidence, as above indicated, for which reason the judgment of the court below is affirmed.

Affirmed