GULF, C. & S. F. RY. CO. v. TAYLOR. (No. 1827.)

(Court of Civil Appeals of Texas. Texarkana. Oct. 18, 1917.)

RAILROADS ⬤═➞446(7) — RIGHTS OF WAY — FENCES—SWITCHING LIMITS.

The mere fact that the point where plaintiff's horse was killed by defendant's locomotive was within what was commonly called the switching limits of the defendant railroad company does not as a matter of law establish that the place was not one which defendant should inclose with a fence, in order to avail itself of protection against the killing of stock.

Appeal from McLennan County Court; Geo. N. Denton, Judge.

Action by W. J. Taylor against the Gulf, Colorado & Santa Fé Railway Company, begun in justice court and appealed by defendant to the county court. From a judgment there for plaintiff, defendant again appeals. Affirmed.

Nat Harris and Spell & Sanford, all of Waco, for appellant. Allen Beadel, of Moody, for appellee.

HODGES, J. This suit originated in the justice court of precinct No. 5 of McLennan county. A judgment was rendered in both the justice and the county courts in favor of the appellee against the appellant for the sum of $150 as damages for the killing of a horse on the appellant's right of way by one of its locomotives.

The contention on this appeal is that the facts attending the killing of the animal required the court to determine, as a matter of law, that the plaintiff was not entitled to recover. It is insisted that the undisputed evidence shows that the animal was killed within the appellant's switching limits in the town of Moody, and that this fact alone was sufficient to show that the place where the injury occurred was not one which might have been fenced by the railway company. It is not alleged that the employés of appellant were guilty of any negligence, and the judgment must be supported alone upon the ground that the railway company had failed to inclose its tract with a fence at the place where the injury occurred. It has been held in this state that the mere fact that a point is within what is commonly called the "switching limits" of a railway company is not alone sufficient to determine, as a matter of law, that such place was not one which the railway company should inclose with a fence in order to avail itself of the protection against the killing of stock. H. & T. C. Ry. Co. v. Holbert, 182 S. W. 1180; Ft. W. & D. C. Ry. Co. v. Decatur Cot. Seed Co., 193 S. W. 392. There are other cases where language is used that would seem to bear a different construction, but we know of none in which the facts are such as to cause a conflict upon the legal proposition involved.

We concur in the ruling made in the above-cited case, and affirm the judgment of the trial court.