HOUSTON, E. & W. T. RY. CO. v. HALL.
(No. 533.)

(Court of Civil Appeals of Texas. Beaumont. Feb. 7, 1920. Rehearing Denied March 3, 1920.)

1. RAILROADS ⊕411(5)—OWNER OF ANIMAL KILLED ON TRACK NOT REQUIRED TO BE FENCED, MUST SHOW NEGLIGENCE APPROXIMATELY CAUSING DEATH.

Where an animal is killed at a point on the track not required to be fenced, the railroad's negligence, proximately causing animal's death, must be shown to justify a recovery.

2. APPEAL AND ERROR ⊕931(1)—FACTS TO BE VIEWED MOST STRONGLY IN FAVOR OF VERDICT AND JUDGMENT.

On appeal from judgment rendered after trial before court without a jury, the facts will be viewed most strongly in favor of court's verdict and judgment.

3. RAILROADS ⊕415(1)—FAILURE TO GIVE STATUTORY SIGNALS AT CROSSING, NEGLIGENCE AS TO ANIMAL KILLED.

Failure of trainman to blow the whistle and ring the bell at a public crossing, as required by Vernon's Sayles' Ann. Civ. St. 1914, art. 6564, is, as to an animal killed at crossing, negligence as a matter of law.

4. RAILROADS ⊕443(7)—EVIDENCE HELD TO SHOW NEGLIGENT FAILURE TO GIVE STATUTORY SIGNALS, CAUSING MULE'S DEATH AT CROSSING.

In an action for killing a mule at a public crossing, evidence held to warrant finding that failure to blow whistle and ring bell at crossing, as required by Vernon's Sayles' Ann. Civ. St. 1914, art. 6564, was negligence proximately causing mule's death.

5. RAILROADS ⊕443(7)—EVIDENCE HELD TO SHOW NEGLIGENT FAILURE TO KEEP PROPER LOOKOUT FOR ANIMALS.

Evidence held insufficient to warrant conclusion that employés in charge of locomotive which struck a mule at a crossing were negligent in failing to keep a proper lookout.

6. RAILROADS ⊕416—OBSTRUCTION OF VIEW BY BOX CARS, ETC., NEAR CROSSING HELD NOT NEGLIGENCE AS TO ANIMAL KILLED.

The presence of box cars, lumber, and cordwood, placed near a public crossing for railroad purposes, though an obstruction of trainmen's view, is not negligence upon which liability for killing a mule at the crossing can be based, but may be considered in determining, as a question of fact, whether train was operated with proper care in approaching crossing.

⊕For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from Montgomery County Court; A. W. Morris, Jr., Judge.

Suit by B. F. Hall against the Houston, East & West Texas Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

McMeans, Garrison & Pollard and Baker, Botts, Parker & Garwood, all of Houston, for appellant.

Dean & Humphrey, of Huntsville, for appellee.

HIGHTOWER, C. J. This suit was filed by the appellee, Hall, in the county court of Montgomery county, to recover the value of a mule alleged to have been negligently killed by one of defendant's trains on the 14th day of October, 1916, at a public crossing in the town of New Caney, a station on appellant's road. Appellee's allegations of negligence were, substantially:

(1) That appellant's agents and servants in charge of the locomotive engine failed to blow the whistle on the engine at a point 80 rods distant from the public crossing where appellee's mule was killed, and failed to ring the bell on the engine at such point, and keep the same continuously ringing until such public crossing was passed.

(2) That appellant's train was being operated at a high and negligent rate of speed.

(3) That right near the point where appellant's main line is crossed by the public road, at which crossing the death of the mule occurred, appellant had permitted box cars, lumber, and cordwood to be placed upon and alongside of a spur track or switch some few yards distant from its main line at that point, which constituted an obstruction to the view of the operatives of appellant's engine, and kept them from seeing animals that might be approaching the crossing at said point, and also that such obstruction prevented such animals themselves from seeing the approach of trains to such crossing.

(4) That appellant's operatives in charge of the engine at the time were negligent in failing to keep a proper lookout for animals that might be upon or approaching the crossing in question at the time.

It was then alleged that all such negligence on the part of appellant became the proximate cause of the death of appellee's mule.

Appellant answered by general demurrer and general denial.

The cause was tried before the court without a jury, and resulted in judgment in favor of appellee for $250. No conclusions of law and fact were requested, and none were filed.

There are but two assignments of error in appellant's brief, as follows:

First assignment: "The court erred in rendering judgment for the plaintiff, for the reason that no negligence upon the part of the operatives of the train of the defendant was a proxi-mate cause of the collision with the mule and its resulting death, as shown by the evidence."

Second assignment: "The court erred in rendering judgment for the plaintiff, for the reason that the undisputed evidence shows that the mule was struck and killed by defendant's freight train, at night, at a public road crossing, as the mule emerged from behind a stack of cordwood or box cars, near the crossing, and that neither the fireman nor the engineer saw the mule, nor did either of them know, nor could they have knowledge or discovered the presence of the mule until it so emerged; and that it then walked upon the track in front of the train at a time when the train was too close to it to stop, or for the operatives to have slackened its speed, so as to have avoided a collision with it."

By its first proposition under these assignments appellant contends, substantially, that where an animal is killed by a train at a point where the railway company is not required to fence its track, it then devolves upon the owner of the animal to show negligence on the part of the railway company, and that such negligence was the proximate cause of the animal's death, before he would be entitled to recover damages.

The second proposition is, substantially, that it was not shown by appellee that any negligence on the part of appellant or the operatives of its train, if there was such negligence, was the proximate cause of the mule's death.

[1] The first proposition unquestionably announces a correct rule of law, but as to whether the mule's death was proximately caused by negligence on the part of appellant or its employés in charge of the engine at the time was a question of fact, as we view this record, for the determination of the trial court.

It is not contended by appellant in its brief that the evidence before the court was insufficient to warrant a finding that the whistle on the engine was not blown at a point 80 rods distant from the public crossing where the mule was killed, or that the evidence was insufficient to warrant a finding that the bell on the engine was not rung at such point, and was not kept ringing until the crossing had been passed, nor is it contended that the evidence was insufficient to warrant a finding that the speed at which the train was going at the time was not negligence on the part of appellant, nor is it contended that the presence of the box cars on appellant's side track at and near the crossing in question and the lumber and cordwood placed by the side of such track, which was near defendant's main line at the crossing, did not constitute an obstruction, as claimed by appellee, or that such obstruction was not negligence upon the part of the appellant. It is contended, however, by way of argument in the brief, that appellant was shown not to be guilty of negligence, in that the operatives of the engine failed to keep a reasonable lookout for

the approach of animals to the crossing at the time in question.

[2] The facts, viewing them most strongly in favor of the court's verdict and judgment, as we should, warrant the following conclusions:

That appellee's mule was struck and killed by appellant's locomotive engine somewhere between 8:30 and 9:30 o'clock on the night of October 14, 1916; that the mule was struck on a public road crossing over appellant's main line some few yards north of its depot in the town of New Caney; that the train which caused the death of the mule was a through freight train going north from Houston in the direction of Shreveport in appellant's line, and at the time of the collision with the mule was running at a rate of speed somewhere between thirty and thirty-five miles an hour; that neither the whistle was blown nor the bell rung, as required by the statute of this state (article 6564, Vernon's Statutes), while the train was approaching the crossing. The evidence was sufficient to show that appellee's mule, in approaching the crossing in question, was traveling on a public road running east and west and crossing appellant's track, at right angles, and the mule was traveling at the time in an easterly direction. From evidence in the record as to tracks, etc., it was reasonable to conclude that the mule was walking deliberately along the public road in approaching appellant's track. No witness for plaintiff actually saw the collision between the engine and the mule at the very time it occurred. One witness was right near the crossing, but was prevented from seeing the collision because of the fact that appellant's depot was directly between witness and the crossing at the time the mule was struck. This witness, however, saw the mule right after the collision, and described its wounds, part of which were on its neck and shoulders; and he also testified that the mule was struck, according to its tracks, while right on the crossing, and was knocked some 30 or 40 feet by appellant's engine. Appellant's fireman testified, substantially, that he was on the west side of the engine going north (the direction from which the mule was coming), and that he did not discover the approach of the mule to the crossing until the mule was between 40 and 50 feet from the crossing, and that it was then too late to do anything that would have prevented the engine striking the mule; that the mule emerged suddenly from behind a box car on appellant's side track near the crossing, and this witness' testimony is susceptible of the construction that the box car was the cause of his not seeing the mule in its approach to the crossing sooner than he did.

Now, as we understand the contention of appellant, there is no contention that the trial court was not warranted in finding that appellant was guilty of negligence in any respect, as charged by appellee, but its contention is that, conceding that there was such negligence, nevertheless, such negligence was not shown to be the proximate cause of the mule's death, and appellant's able counsel have cited a number of cases by the appellate courts of this state wherein verdicts against railroad companies in suits for alleged negligent killing of animals were reversed because, as held in such cases, there was no proof of negligence on the part of the railroad company, or, if so, that there was no proof that such negligence became a proximate cause of the death or injury. In most of such cases, which we have reviewed as cited in appellant's brief, the collision between the train and the animal was not witnessed by anybody, and the accident was wholly unexplained, and in some of them it was affirmatively and positively shown by the operatives of the engine that there was no negligence, or, if so, that such negligence as a matter of law could not have been a proximate cause of the collision. Most of such accidents happened at night, and the appellate court in such cases always applied the familiar rule that where an animal is struck by a railroad train at a point where the company is prohibited by public policy from fencing its track, the plaintiff seeking damages must show negligence on the part of the company which proximately caused the death of the animal, and with this rule we readily agree.

[3] That the company was guilty of negligence in this case, if, as found by the trial court, the whistle on the engine was not blown and the bell was not rung and kept ringing, as required by the statute above quoted, cannot be disputed. It was so guilty as a matter of law. And as stated above, it is not contended by appellant that the evidence was insufficient to justify a finding by the trial court that appellant was guilty of negligence, as alleged by appellee, in running at the speed at which the train was running through the town of New Caney at the time of the accident, and therefore, if the trial court's judgment could be upheld alone upon a finding by it that appellant was guilty of negligence in running the train at such rate of speed, then we should so conclude; and if it could be further reasonably concluded from the evidence that either of such acts of negligence (that is to say, failure to blow the whistle and ring the bell, or the rate of speed) proximately caused the mule's death, it would be this court's duty to affirm the judgment.

Now, according to the fireman's testimony (although he says the train was running about 20 miles an hour), the mule was discovered when between 40 and 50 feet of the crossing, and that it was then too late to prevent the collision. Now, can it be said

that, if the train had not been running at this high rate of speed through the town of New Caney, and over this public crossing, which the evidence shows had been used for at least 30 years, appellee's mule would not have crossed over appellant's track before the engine reached the crossing; or can it be said that, if the engine had not been going at such rate of speed, appellant's operatives on the engine would not have discovered the approach of the mule to the crossing in time to have avoided striking him; or can it be said that, even if the whistle had been blown or the bell rung at a point 80 rods distant from the crossing and the bell kept continuously ringing until the engine reached the crossing, the mule would not have heard such warning signals and been frightened away from the crossing?

As we gather appellant's contention in this case, it is, substantially, that the provision of the statute that the whistle on the engine shall be blown and the bell rung was not intended to warn animals, but that such warning was intended only for persons that might be intending to cross the railroad track at public crossings. We say we understand this to be appellant's contention, because it is argued in the brief, in substance, that it could not be reasonably expected that a mule would pay any attention to the sounding of a whistle 80 rods from the crossing or the ringing of a bell, as contemplated by the statute; and then it is further argued that it was not shown that the rate of speed, even if negligence as a matter of fact, caused the mule's death, and therefore appellant was not liable.

Article 6564 above quoted, in so far as applicable to the question here, reads as follows:

"* * * A bell of at least thirty pounds weight and a steam whistle shall be placed on each locomotive engine, and the whistle shall be blown and the bell rung at the distance of at least 80 rods from the place where the railroad shall cross any public road or street, and such bell shall be kept ringing until it shall have crossed such public road, or stopped; * * * and any engineer having charge of such engine, and neglecting to comply with any of the provisions of this article, shall be punished for such neglect, as provided in the Penal Code; and the corporation" not obeying such rule "shall be liable for all damages which shall be sustained by any person by reason of any such neglect."

It has been expressly held by several of the appellate courts of this state that the things required to be done by this statute were for the purpose of warning animals at public crossings over railroads, as well as for the protection of persons, and that a failure on the part of the operatives of a railroad engine to comply with this statute was negligence per se. It was first so held by the Galveston Court of Civil Appeals, speaking through Justice Williams, in the case of Rail-

219 S.W.—34

way Co. v. Cunningham, 4 Tex. Civ. App. 262, 23 S. W. 332; and again by the Austin Court of Civil Appeals, speaking through Chief Justice Fisher, in the case of Railway Co. v. Red Cross Stock Farm, 22 Tex. Civ. App. 114, 53 S. W. 834; and again by the Court of Civil Appeals for the Second District, speaking through Justice Stephens, in Railway Co. v. Crutcher, 82 S. W. 341.

[4] We shall not discuss this point at further length, but conclude that the evidence was such as to warrant a finding by the trial court that appellant's negligence in failing to blow the whistle or ring the bell, as required, and also the rate of speed at which the train in question was going at the time, was negligence on the part of appellant which became a proximate cause of the mule's death, and it results from this conclusion that the judgment should be affirmed.

[5, 6] We do not think, however, that it could be reasonably concluded that the company was guilty of negligence, as alleged by appellee, on account of a failure to keep a proper lookout by the operatives in charge of the engine. We think there was no evidence to warrant such a conclusion. Neither do we think that appellee would have been entitled to recover on the ground that appellant was guilty of negligence in permitting box cars and lumber and cordwood to be upon and near its side track or switch at the point near the crossing where the mule was killed. We are of the opinion that the presence of the box cars, lumber, and cordwood, although constituting an obstruction, could not be made an independent ground of negligence upon which liability could be based, for the reason that box cars, lumber, and cordwood were there for purposes in keeping with the corporate purposes of the railroad company as such, and the authorities relied upon by appellee, showing that recoveries have been permitted where obstructions to public crossings arose by reason of weeds, grass, trees, etc., near appellant's track, can have no application here because such obstructions as that are not, of course, necessary for any railroad purposes, and in some cases, as has been held, would constitute a nuisance. But while box cars or other objects proper and necessary to the railroad's business, placed near a railroad crossing, cannot, because a view of the crossing would be thereby obstructed, constitute an independent ground of negligence upon which a recovery could be based, still, in determining, as a question of fact, whether a railway company's trains were operated at such a point with proper care, such obstructions might be looked to, and also in determining whether a person approaching a crossing used proper care for his own protection. This we understand to be the law, as announced in Railway Co. v. Rogers, 91 Tex. 52, 40 S. W. 956.

From what we have said, it follows that

we are of opinion that both assignments of error made by appellant should be overruled, and the judgment of the trial court affirmed; and it will be so ordered.