# MAY, 1924.

GULF, COLORADO & SANTA FE RAILWAY COMPANY v. SAMUEL P. WILSON ET AL.

No. 3141. Decided May 7, 1924.

(261 S. W., 368.)

**Railways—Fencing Track—Switch Limits—Conflict of Decisions—Mandamus.**

The ruling of the Court of Civil Appeals herein (Gulf, C. & S. F. Ry. Co. v. Taylor, 198 S. W., 600) that a railway company, charged with no negli-

gence in killing stock except failure to fence its road at the point where the injury occurred, could not establish a defense by showing that such point was within the switches at its station without further proof that it was impracticable to fence at that point, is so far in conflict with the decision of the Court of Civil Appeals of the Second District in Gulf, C. & S. F. Ry. Co. v. Blankenbeckler, 35 S. W., 331, as to make it the duty of such court to certify the question to the Supreme Court, on motion requesting it so to do; and that court is here required by mandamus to so certify it.    (Pp. 582-584).

Original application to the Supreme Court for writ of mandamus against the judges of the Court of Civil Appeals for the Sixth District requiring them to certify question.

The application of relator being referred to the Commission of Appeals, Section A for their opinion thereon, the Supreme Court here adopt same and award the writ of mandamus as recommended in such opinion.

*Nat Harris* and *Allen D. Sanford,* for relator.

Mr. Judge BISHOP delivered the opinion of the Commission of Appeals, Section A.

The Gulf, Colorado & Santa Fe Railway Co., by application for writ of mandamus asks that the justices of the Court of Civil Appeals of the Sixth Supreme Judicial District be required to certify to the Supreme Court for decision a question decided by that court in the case of Gulf C. & S. F. Ry. Co. v. Taylor, 198 S. W., 600. It is alleged that this case was filed in a justice court of McLennan County by W. J. Taylor against the applicant to recover damages in the sum of $150.00 for killing a horse; that Taylor there recovered a judgment; that the cause was appealed to the County Court of said county where Taylor recovered judgment for the sum of $150 damages and $20.00 attorney's fees; that the evidence shows that the horse was struck and injured by one of appellant's locomotives at a point within the switch limits of the town of Moody, said switch limits being a system of tracks for making up trains and storing cars without train orders, and said injured horse was thereafter killed by the section foreman; that the only negligence alleged by Taylor with reference to the killing of his horse was failure to fence the track at the place of accident; that the applicant answered by general demurrer and general denial and pleaded specially that the horse was struck at a point within the station yards and switching limits of the town of Moody where the railroad company is not required to fence its track; that on appeal said Court of Civil Appeals affirmed the judgment of the County Court; that thereafter it filed its motion requesting that court to certify said cause to the Supreme Court on the ground that the opinion of the Court of Civil Appeals therein is in conflict with the opinion of the Court of Civil

Appeals for the Second Supreme Judicial District in the case of Gulf C. & S. F. Ry. Co. v. Blankenbeckler, 35 S. W., 331, which motion was by the court overruled and the opinion and decision adhered to.

In the case of Gulf C. & S. F. Ry. Co. v. Taylor, the Court of Civil Appeals of the Sixth District in affirming the judgment of the lower court held that though the undisputed evidence shows that the animal was struck at a point within the switching limits of the town of Moody, this fact alone was not sufficient to show that this point is one which the railroad company is not required to fence in order to avoid liability under Article 6603, Revised Statutes, and that Taylor was entitled to recover under his plea that the track was not fenced at the place where the animal was struck, and in this connection says:

"It has been held in this state that the mere fact that a point is within what is commonly called the 'switching limits' of a railway company is not alone sufficient to determine, as a matter of law, that such place was not one which the railway company should inclose with a fence in order to avail itself of the protection against the killing of stock. H. & T. C. Ry. Co. v. Holbert, 182 S. W., 1180; Ft. W. & D. C. Ry. Co. v. Decatur Cot. Seed Co., 193 S. W., 392. There are other cases where language is used that would seem to bear a different construction, but we know of none in which the facts are such as to cause a conflict upon the legal proposition involved.

We concur in the ruling made in the above-cited case, and affirm the judgment of the trial court."

Applicant insists that in arriving at this opinion in the decision of this cause the court is in conflict with the opinion of the Court of Civil Appeals for the second Supreme Judicial District in the case of Gulf C. & S. F. Ry. Co. v. Blankenbeckler, 35 S. W., 331, on the question as to whether a railroad company can be held liable for the value of stock killed or injured by its locomotives and cars within the switching limits at its depots and stations, under Article 6603, on the plea that its track is not fenced, and without a showing of negligence on its part.

The case of Gulf C. & S. F. Ry. Co. v. Blankenbeckler, was one in which a cow was struck and killed at Valley Mills, a town not incorporated, on the lines of the railroad company, and at a point between the south ends of two switches, one of which was on each side of the main track. In its opinion the Court says:

"We are of opinion that the evidence, as well as the conclusions of fact, indisputably shows that the cow was killed within the switching limits and contiguous depot grounds of the railroad company, and that these limits, in law, extend to and include the terminals and

switch stands of all switches or side tracks at all depots and stations; and that public policy, in consideration of the safety to life and limb of employes and operatives who are compelled to pass over the tracks on foot in coupling and uncoupling cars, and turning switches, and other duties, both in the daytime and at night, requires that there be no pitfalls or cattle guards on the tracks or grounds over which they are compelled, often in the most hurried manner, to move, in order to perform the duties incident to such business. And as a fence could not cross the yards and tracks without making cattle guards or stops, the railroad company is not required to fence its tracks within the limits and terminals of its side tracks, switches, and switch stands, at its depots and stations.''

We think the opinions on this question are clearly in conflict, and that under Article 1623, Revised Statutes, the duty is imposed upon the Court of Civil Appeals for the Sixth District to certify same to the Supreme Court, and recommend that writ of mandamus be granted. Cassandra Warren v. S. P. Wilson, et al., 108 Texas, 262.

Mandamus awarded as recommended by the Commission of Appeals in opinion which is adopted.

<div style="text-align: right">

*C. M. Cureton,*
Chief Justice.