### BEAUMONT, S. L. & W. RY. CO. v. STUBBLEFIELD.

### No. 2062.

Court of Civil Appeals of Texas. Beaumont. March 17, 1931.

Rehearing Denied March 25, 1931.

Stevens & Stevens, Andrews, Streetman, Logue & Mobley, W. L. Cook, and Jas. E. Kilday, all of Houston, for appellant.

R. E. Biggs, of Liberty, for appellee.

WALKER, J.

This was a suit in county court of Liberty county by appellee against appellant for damages for killing his mule. The mule was killed by appellant on or about the 1st day of September, 1929, within the switching limits of Sandune, a station upon its line of railroad, at a point where appellant was not required to fence its right of way. The mule was found dead about eight feet from a public road crossing, which crosses its switching limits, south of the railroad track and on the side next to the city of Houston. Appellee pleaded against appellant that in approaching Sandune its agents, in operating its train that killed the mule, were guilty of negligence in failing to blow the whistle and ring the bell, as required by law, and that each of these acts of negligence was the proximate cause of the death of the mule. The jury, having found these issues in favor of appellee, assessed his damages at $200, and judgment was accordingly entered in his favor.

[1-4] Without reviewing the testimony, it is clear that the verdict convicting appellant of negligence in failing to ring the bell and blow the whistle has abundant support. Appellant's main point is, conceding negligence, the findings on the issue of proximate cause have no support. On this issue we quote as follows from the testimony of the engineer of the train that killed the mule, taking this statement from appellant's brief:

"Mr. Lambert, a witness in behalf of the defendant, testified as follows: That he was a locomotive engineer for the defendant railroad company, and recalls striking a mule about the time it was claimed this mule was killed. That he left Houston 12:30 A. M. and struck this mule about 3:30 A. M. That the train he was pulling was a medium heavy train, and that he blew for the first crossing and rang the bell for a full distance of 80 rods. That he saw the mule about 8 feet from the track. That he was not on the track when he first saw him. That he was about 600 feet from the mule when he first saw him. The train was running about 30 miles an hour, and he was going about 20 miles per hour when he struck the mule which he saw about 600 feet ahead of him. That the mule was approaching the railroad track on the south side and got on the track and turned back to the right. The train was going east and going at 20 miles per hour. I could stop the train in about a quarter of a mile, and maybe a little less, if the train was in good condition. That he could stop the train in about five to six hundred yards; and

that the first time he blew the whistle was about 1300 feet from the crossing, at the whistle signs which are put up 1300 feet from the crossing; and that he blew the whistle and rang the bell at every crossing. That he had been an engineer for ten years.

"On redirect examination the witness testified as follows: When I first saw the mule he was not on the track; and that if he could have stopped the train he would have done so, after he saw the mule get on the track."

Briefly summarized, this witness said that the mule was about 600 feet ahead of him when he first saw it; that the mule was about 8 feet from the track; the mule was not on the track but was approaching the track and "got on the track and turned back to the right * * * if I could have stopped the train I would have done so after I first saw the mule get on the track," and "the train was running about 30 miles per hour and he was going about 20 miles per hour when he struck the mule which he saw about 600 feet ahead of him." Notwithstanding the admission by the engineer that he saw the mule approach the track, get on the track, and "turn back to the right," he failed to blow the whistle or ring the bell, as found by the jury. It was the duty of the engineer, having discovered the presence of the mule on or near the railroad track, to exercise reasonable care to prevent injuring it. While appellee did not plead against appellant the issue of discovered peril, he did plead that the failure to blow the whistle and ring the bell constituted actionable negligence. The admissions of the engineer were evidentiary on that issue, and, we think, clearly raised the issue of proximate cause. This conclusion has support in the holding of Mr. Chief Justice Hightower, speaking for this court, in Houston, E. & W. T. Ry. Co. v. Hall, 219 S. W. 526, 529:

"Can it be said that, even if the whistle had been blown or the bell rung at a point 80 rods distant from the crossing and the bell kept continuously ringing until the engine reached the crossing, the mule would not have heard such warning signals and been frightened away from the crossing?"

The following additional authorities fully support this conclusion: St. Louis, B.. & M. Railway Co. v. Knowles (Tex. Civ. App.) 180 S. W. 1146, 1147; Texas Electric Railway Co. v. Reese (Tex. Com. App.) 280 S. W. 179; St. Louis S. W. Railway Co. v. Cox (Tex. Civ. App.) 248 S. W. 1101; Houston & T. C. Railway Co. v. Holbert (Tex. Civ. App.) 182 S. W. 1180; Railway Co. v. Willis, 17 Tex. Civ. App. 228, 42 S. W. 371; Houston & T. C. Railway Co. v. King (Tex. Civ. App.) 160 S. W. 647, 648; Houston & T. C. Railway Co. v. Garrett (Tex. Civ. App.) 160 S. W. 111; International

& G. N. Railway Co. v. Bandy (Tex. Civ. App.) 163 S. W. 341. For additional authorities see Texas-Southwestern Digest, Railroads, Key No. 443; Michie's Enc. Dig., Railroads, Injuries to Animals by Railroads, E, Signals.

If we correctly understand appellant's position, the point it made was that proximate cause in this case could have been established only by an affirmative showing on the part of appellee that the agents of appellant discovered the mule on the track in time to avoid injuring it by checking the speed of the train or by stopping the train. Thus appellant says:

"If Lambert's testimony (its engineer) fails to show the relative positions of the train and mule when the mule went on the track, then the plaintiff has failed to establish proximate cause."

In support of this proposition appellant cites our opinion in International-Great Northern Railway Co. v. Coulter, 27 S.W.(2d) 272. Appellant's proposition is not the law, nor did we so hold in the Coulter Case. We merely held in that case, on its peculiar facts, that the issue of proximate cause was not raised because the evidence failed to show that the animal got upon the track at such time and in such manner as to render it possible for the operatives of the train to check the speed of the train in time to avoid a collision. In that case we were merely determining the law of its peculiar facts. However, a careful reading of the opinion reflects the same conclusion we have reached here, that is, that the failure to ring the bell or blow the whistle may, under pertinent facts, constitute actionable negligence.

In its brief appellant brings forward a long list of cases, saying that an affirmance of this case would put us in conflict with the cases thus cited. The leading case relied upon by appellant in support of its proposition is Gulf, C. & S. F. Railway Co. v. Anson, 101 Tex. 198, 105 S. W. 989, by the Supreme Court, which was reviewed by Judge Kee in Houston & T. C. Railway Co. v. Garrett, supra, and clearly distinguished from the case before us and all similar cases. We say further that we have reviewed all of appellant's authorities and find nothing in any of them conflicting in the least with the conclusion above expressed.

By bills of exception Nos. 1 and 3 appellant complains that the court erred in excluding certain testimony over its objection. These bills of exception are defective and present nothing for review, in that they do not show the objections urged and sustained. Skeeters v. Hodges (Tex. Civ. App.) 270 S. W. 907, 6 syllabus.

Affirmed.