Thomas ROCHA, Jr., Intervenor,
Appellant,

v.

M.M. AHMAD, et ux., Janet
Ahmad, Appellees.

No. 04–82–00245–CV.

Court of Appeals of Texas,
San Antonio.

May 30, 1984.
Rehearing Denied July 19, 1984.

See also 662 S.W.2d 77.

Thomas Rocha, Jr., San Antonio, for appellant.

Pat Maloney, Jr., Gary Howard, Law Offices of Pat Maloney, San Antonio, for appellees.

Before ESQUIVEL, REEVES and TIJERINA, JJ.

## OPINION

ESQUIVEL, Justice.

This is an appeal from a judgment in an intervenor's suit for attorney fees. Appellant/intervenor Thomas Rocha, Jr. (Rocha) sued his former clients, M.M. and Janet Ahmad (Ahmads) in intervention in a suit entitled *M.M. Ahmad, et ux. Janet Ahmad v. Larry Hengst, Inc.* Rocha based his cause of action on the fact that he had been the Ahmads' attorney when the suit was filed; and that under their written contingency fee contract, the Ahmads had agreed to obtain attorney fees on his behalf from the defendant, Larry Hengst, Inc., under the provisions of the Texas Deceptive Trade Practices—Consumer Protection Act, ch. 143, § 1, 1973 Tex.Gen.Laws 322, 326–27, *amended by* Act of June 13, 1979, ch. 603, § 4, 1979 Tex.Gen.Laws 1327, 1330 [hereinafter DTPA]. Rocha also alleged a cause of action based on the theory of quantum meruit.

The *Ahmad v. Hengst* suit was based on the DTPA and pertained to the faulty construction of a new home. Although Rocha and the Ahmads entered a contingency fee contract, on November 6, 1978, Rocha required a $500.00 retainer. Rocha filed the original petition on behalf of his clients on November 9, 1978. On or about October 6, 1979, Rocha was discharged by the Ahmads. An order was entered permitting

Rocha to withdraw as their attorney and then Rocha filed his intervenor's action. Thereafter the Ahmads, represented by other counsel, decided to settle their suit.

The Ahmads' first motion to sever Rocha's claim from the Hengst suit was denied. The suit was settled for $25,000.00 in actual damages to the Ahmads and $13,500.00 to the Ahmads' attorney. The Ahmads' second motion to sever was granted and Rocha's action was severed; a take nothing judgment was thereafter entered in the DTPA suit. Rocha's claim was pursued in a separate jury trial.

Three special issues were submitted to the jury:

### SPECIAL ISSUE NO. 1

Do you find from a preponderance of the evidence that Mr. and Mrs. Ahmad discharged Mr. Rocha for good cause?

You are instructed that a client has "good cause" to discharge an attorney if the attorney fails to perform his duties in the manner that an attorney of ordinary skill and ability would have performed his duties under the same or similar circumstances.

Answer "yes" or "no".

Answer: Yes

If you have answered Special Issue No. 1 "yes", then answer Special Issue No. 2. Otherwise, do not answer Special Issue No. 2.

### SPECIAL ISSUE NO. 2

What sum of money as of October 6, 1979, do you find from a preponderance of the evidence, represents the value of the work and legal services performed by Mr. Rocha in representing Mr. and Mrs. Ahmad against Mr. Hengst?

Answer in dollars and cents.

Answer: $500.00

### SPECIAL ISSUE NO. 3

What sum of money, if any, do you find from a preponderance of the evidence would be reasonable and necessary attorney's fees to Mr. Rocha and Mr. Tutt for preparation and presentation of the present lawsuit against the Ahmads?

(A) For legal services rendered in the preparation and trial of this cause in this Court?

Answer in dollars and cents, if any.

Answer: NO DOLLARS/NO CENTS

(B) For legal services if this case is appealed to the Court of Appeals?

Answer in dollars and cents, if any.

Answer: NO DOLLARS/NO CENTS

(C) For legal services if application is made for writ of error to the Supreme Court of Texas?

Answer in dollars and cents, if any.

Answer: NO DOLLARS/NO CENTS

(D) For legal services if the application for writ of error is granted by the Supreme Court of Texas?

Answer in dollars and cents, if any.

Answer: NO DOLLARS/NO CENTS

In connection with question 3(A) you may consider the legal work performed by both Mr. Tutt and Mr. Rocha.

Rocha filed a motion to disregard certain jury findings and a motion for new trial. Both were overruled. Rocha appears pro se in this appeal.

In point of error one, Rocha alleges trial court erred in allowing the Ahmads' suit to be settled without notice to him, without his knowledge and consent, and further, in severing his cause of action. Rocha's original petition, filed on behalf of the Ahmads, contained a prayer for attorney fees. The DTPA, section 17.50(b)(1), at that time, provided that a consumer who prevailed was entitled to "three times the amount of actual damages plus court costs and attorney's fees reasonable in relation to the amount of work expended." DTPA § 17.50(b)(1).

Rocha asserted in the trial court, and asserts herein, that he is entitled to attorney's fees in the *Ahmad v. Hengst* suit from three sources. He first argues that he is entitled to fees pursuant to the DTPA. Second, he claims he is due a fee by virtue of TEX.REV.CIV.STAT.ANN. art. 2226 (Vernon Supp.1984). Third, he

asserts that he is entitled to a fee pursuant to the contingency fee arrangement he had with the Ahmads. In support of his contentions, he argues that: (1) attorney fees under the DTPA are mandatory; (2) he represented a prevailing plaintiff so as to warrant fees under article 2226; and (3) he was prevented from performing by the Ahmads because they discharged him, and he is therefore entitled to the fee contracted for, *i.e.*, 40% of the amount recovered by the Ahmads when they settled their lawsuit with Hengst. This last contention will be addressed in our discussion of point of error five, *infra*.

 Unless provided for by the contract of employment between attorney and client, attorney fees may be awarded only if a statute so provides. Attorney fees are in derogation of the common law, and therefore, any statute allowing the recovery of attorney fees is considered a penalty and is to be strictly construed. *New Amsterdam Casualty Co. v. Texas Industries, Inc.*, 414 S.W.2d 914, 915 (Tex.1967). As Rocha points out in his brief, a suit for attorney fees is not ordinarily maintainable as a separate cause of action. *Huff v. Fidelity Union Life Insurance Co.*, 158 Tex. 433, 444, 312 S.W.2d 493, 501 (1958). This is due to the fact that whatever rights the attorney has are derivative of those of his clients. The client is the party who recovers the fee for his attorney. We do not, however, agree with Rocha's contention that the trial court committed error in this case when his intervention suit for attorney fees was severed from the main suit. At that point, Rocha was no longer representing the Ahmads. Whatever claim for fees he had was against the Ahmads, and not the original defendant, Hengst.

 We hold, therefore, that Rocha was not entitled to fees in the *Ahmad v. Hengst* suit pursuant to the DTPA or article 2226. At the time the suit was concluded, he no longer represented the plaintiffs. In addition, the *Ahmad v. Hengst* suit was settled. There was no finding of a deceptive trade practice, or any other statutory element necessary to the awarding of attorney fees.

There was no error in severing the intervention filed by Rocha because he is not entitled to fees pursuant to either the DTPA or article 2226. Point of error one is overruled.

 In point of error two, Rocha alleges the trial court erred in allowing the Ahmads to amend their pleadings five days after the jury returned its verdict, over his objection. We disagree. Amended pleadings may be filed within seven days of trial and thereafter only with leave of the court. TEX.R.CIV.P. 63. They may be filed up to the time the judgment is signed. *Santa Rosa Medical Center v. Robinson*, 560 S.W.2d 751, 759 (Tex.Civ.App.—San Antonio 1977, no writ); *American Produce & Vegetable Co. v. J.D. Campisi's Italian Restaurant*, 533 S.W.2d 380, 386 (Tex.Civ. App.—Tyler 1975, writ ref'd n.r.e.). The trial court shall allow the filing unless there is a showing that the amendment would operate as a surprise to the opposing party. *American Produce & Vegetable Co.*, 533 S.W.2d at 386. In the instant case, the Ahmads wanted to amend to allege good cause for discharging Rocha. The amendment was allowed; the trial court reasoning that all parties realized that good cause was an issue in the case. Further, the Ahmads filed their motion to amend their pleadings, which motion was granted the morning of December 16, 1981, before the first witness was called. The statement of facts reflects that in a December 15th discussion, the judge indicated to the parties that the amendment would be allowed. Further, the record reflects that the trial court would have allowed a continuance if the plaintiff felt it necessary for discovery on the issue of good cause. The same offer was made by the court on the morning of the 16th. Both offers for a continuance were rejected by appellant.

 The allowance of a trial amendment, where a defect, fault or omission is called to the attention of the trial court during trial, will not result in a reversal in the absence of a plea of surprise, and a request for postponement or continuance. *H.O. Dyer, Inc. v. Steele*, 489 S.W.2d 686,

688 (Tex.Civ.App.—Houston [1st Dist.] 1972, no writ); *Mergele v. Houston*, 436 S.W.2d 951, 955 (Tex.Civ.App.—San Antonio 1968, writ ref'd n.r.e.); TEX.R.CIV.P. 66. To establish an abuse of discretion on the part of the trial court in allowing the amendment, it is incumbent on Rocha to show both surprise and a request for continuance. *Pickens v. Baker*, 588 S.W.2d 406, 410 (Tex.Civ.App.—Amarillo 1979, no writ). The record establishes that Rocha was not surprised, nor did he make a request for continuance; to the contrary, he refused to accept the court's offer of continuance. Point of error two is overruled.

Appellant's point of error four assigns as error that there was either no evidence to support the jury's finding that Janet Ahmad had good cause to discharge appellant, or that such finding was against the great weight and preponderance of the evidence. In reviewing a no evidence point, we look only at the evidence that tends to support the jury's verdict, and ignore all evidence to the contrary. *Garza v. Alviar*, 395 S.W.2d 821, 824 (Tex.1965). In reviewing a point of error alleging factual insufficiency, we must look at all the evidence and uphold the jury's finding unless it is so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951).

Initially, appellant cites us to no authority for the proposition that a client may only discharge his attorney for good cause. Janet Ahmad testified that she and her husband hired Rocha to prosecute their DTPA claim. She also testified that Rocha told her and Mr. Ahmad that the case would be tried within one year after filing the petition; that Rocha was impatient and rude with her when she inquired on the status of the case; that they felt the case was not progressing fast enough; that Rocha had proposed a settlement in the Hengst suit without consulting them; that Rocha never asked for advances to cover depositions; that Rocha never requested the names of potential witnesses for trial;

that Rocha postponed the trial without her knowledge or consent; that in the seven months following the filing of the petition, Rocha had made no effort to contact expert witnesses; that Rocha failed to keep several appointments with her; and that Rocha refused to try the case and told the Ahmads that they had no chance of winning and should settle the case.

Her testimony further reveals that after some eleven months, they became discouraged by the lack of any action on their lawsuit; that they informed Rocha by letter that they were not satisfied with his performance, and discharged him. We note that Rocha himself testified that he did not work on the Ahmads' case between January 15, 1979, and May 5, 1979. We hold that there was some evidence to sustain the jury's finding that the Ahmads had good cause to discharge Rocha. We further find that the evidence was sufficient and was not so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust. Appellant's point of error four is overruled.

In point of error three, Rocha complains of the trial court's denial of his motion for default judgment or directed verdict against M.M. Ahmad; and further, of the court's denial of his motion to disregard the jury's finding of M.M. Ahmad's good cause in discharging him. In support of these allegations, Rocha submits that M.M. Ahmad was absent from the proceedings and that attorney for appellees stated, at the opening of the case, that he had no authority to act for M.M. Ahmad. Although Rocha's motion for default is in the record, the record is devoid of any evidence that TEX.R.CIV.P. 107 was complied with. Further, there is no ruling on his motion anywhere in the record. Additionally, M.M. Ahmad is recited as having "appeared by and through his attorney of record" in the judgment. The record does not contain an objection to M.M. Ahmad's inclusion in the judgment.

Even more fatal to Rocha's assignment of error is that notwithstanding

appellee's counsel's statement that he had no authority to act for M.M. Ahmad, the record is replete with various pleadings and answers filed by counsel on behalf of both Janet and M.M. Ahmad. Nowhere in the record is there a motion to withdraw filed by the Ahmads' attorney. Absent such a motion there is a presumption that counsel had authority to act for those for whom he had filed an answer as attorney of record. *See Slattery v. Adams*, 279 S.W.2d 445, 471 (Tex.Civ.App.—Beaumont 1954) (on rehearing), *aff'd*, 156 Tex. 433, 295 S.W.2d 859 (1956). Further, the Ahmads' attorney, after filing an answer on behalf of both, could not decline to represent one of them without withdrawing from the case with leave of court. TEXAS CODE OF PROFESSIONAL RESPONSIBILITY DR 2–110 (1973). After some two months of apparent representation, and in the absence of a motion to withdraw, the attorney for the Ahmads could not, on the morning of trial, disclaim authority to represent one of them.

■ Similarly, appellant's allegation that the trial court erred in denying his motion to disregard because there was no evidence to support the finding of good cause for M.M. Ahmad to discharge him is overruled. All of the testimony referred to in our discussion of point of error number four is a relation by Mrs. Ahmad of not only her dissatisfaction with Rocha's performance, but also the dissatisfaction on her husband's part and their reasons for discharging Rocha. The evidence of good cause was sufficient. The judgment recites that M.M. Ahmad appeared by attorney, and we have held that the attorney had authority to represent M.M. Ahmad. The bases for Rocha's allegations do not exist. Therefore, point of error three is overruled for the reasons expressed above and the reasons set forth in overruling point of error four, *supra.*

In point of error five, Rocha's main contentions are that the trial court erred in holding that he was not entitled to recover fees pursuant to his written contract with the Ahmads, and that the trial court erred

in holding that he had already been paid the $500.00 that the jury awarded him in attorney fees.

■ In Texas, an attorney having a contingent fee contract with his client, and who has been damaged by a breach of contract by his client, may, *inter alia*, treat the contract as rescinded and recover under quantum meruit or he may sue for what he would have received under the contract. *Howell v. Kelly*, 534 S.W.2d 737, 739 (Tex. Civ.App.—Houston [1st Dist.] 1976, no writ); *Willis & Conner v. Turner*, 25 S.W.2d 642, 648 (Tex.Civ.App.—Waco 1930, writ dism'd). Once the attorney has proved the contract and the fact of discharge, he has made a prima facie case and is entitled to recover. *Howell v. Kelly*, 534 S.W.2d at 739–40. The issue of good cause is defensive in nature and relates to the attorney's right to recover under the contract of employment. If the former client pleads and proves good cause for discharge, as the Ahmads did here, then the attorney is not entitled to recover under the contract of employment. In such a case, the attorney may attempt to recover a fee for services rendered up to the time of discharge under quantum meruit. *Id.; see Thompson v. Smith*, 248 S.W. 1070, 1072 (Tex. Comm'n App.1923, judgmt. adopted). We hold that while Rocha was not entitled to recover under his contract with the Ahmads, he was entitled to recover an amount representing the reasonable value of his services he rendered up to the time of discharge.

■ In support of his contention that the court erred in holding he had already been paid the $500.00 awarded, he argues that since plaintiff did not request a special issue as to what amount, if any, of the $500.00 paid as a retainer was to cover attorney fees, but instead inquired generally what amount represented a reasonable fee for work Rocha had performed, the trial court was not permitted to speculate as to whether the $500.00 retainer paid by the Ahmads was considered by the jury. He states that the trial court's only authority was to enter a judgment in conformance with the verdict. TEX.R.CIV.P. 301. We

agree. In the absence of a motion for set-off or a counterclaim, it was error to credit the jury's finding against money previously paid. Point of error five is sustained. We find that the court erred in crediting the jury's answer to special issue number two against the $500.00 retainer Rocha had been paid by the Ahmads when they entered the contract. Accordingly, we here reform the judgment of the trial court and delete the reference to the aforementioned credit so that Rocha shall have and recover from the Ahmads $500.00, representing a reasonable fee, as found by the jury.

In point of error six, appellant's primary contention is that the jury's determination that neither he nor his attorney are entitled to fees in prosecuting the instant claim under TEX.REV.CIV.STAT.ANN. art. 2226 (Vernon Supp.1984), is against the great weight and preponderance of the evidence. We agree.

 The general rule in Texas is that it is the province of the jury to determine what is the reasonable value of an attorney's services. The jury may take into consideration the facts before them as they relate to the services rendered, as well as the estimates made by expert witnesses. *Gulf Paving Co. v. Lofstedt,* 144 Tex. 17, 27–28, 188 S.W.2d 155, 160 (1945); *Magids v. Dorman,* 430 S.W.2d 910, 912 (Tex.Civ. App.—Houston [14th Dist.] 1968, writ ref'd n.r.e.). While Rocha recovered far less than he set out to, we cannot say that his diminished recovery in any way precluded a recovery of fees under article 2226 for the prosecution of his claim. *Magids,* 430 S.W.2d at 912. The testimony of Rocha's attorney as it related to time spent and charge per hour was uncontroverted. The nature of the services and the complexity of the issues, facts that should have been taken into account by the jury in answering special issue number three, clearly show that appellant's attorney is entitled to a reasonable fee in this case. Rocha's attorney, John M. Tutt, testified that he spent 34.9 hours in preparation and trial of this cause of action; and further, that he charged a fee of $80.00 per hour. There was no testimony that either the time spent of the charge per hour was not reasonable or necessary. Tutt further testified that in his opinion, a reasonable fee for an appeal to the court of appeals was $1,500.00; if an application for writ of error was filed, an additional $1,500.00 was reasonable; and if the writ was granted by the supreme court, an additional $1,000.00 was reasonable to compensate for the preparation and presentation of oral argument.

 We hold that the jury's responses to special issue number three, inquiring into fees for prosecution of the instant cause of action, were against the great weight and preponderance of the evidence so as to be manifestly wrong and unjust. Accordingly, the judgment of the trial court, insofar as it relates to attorney fees for Rocha's attorney is reversed and remanded for a hearing to determine the amount of a reasonable attorney's fee in the preparation and prosecution of this suit.

 Point of error seven complains of the trial court's refusal to admit the testimony of one of Rocha's witnesses: Gerald Drought, Esq. The purpose of the testimony was to elicit the nature of the *Ahmad v. Hengst* suit, Hengst's counterclaim for libel, and the settlement reached. Drought had represented Hengst in the initial lawsuit. There is nothing in the record to show an attempt by Rocha to elicit trial testimony from Drought. Although the testimony is contained in a Bill of Exception, the record does not contain an attempt to offer the excluded material, an objection, or ruling thereon. Nothing is presented for review. Point of error seven is overruled. *Beaumont, S.L. & W. Railway Co. v. Stubblefield,* 37 S.W.2d 403, 404 (Tex. Civ.App.—Beaumont 1931, no writ); *Morris v. Standard Accident Insurance Co.,* 35 S.W.2d 207, 208 (Tex.Civ.App.—San Antonio 1931, writ ref'd).

 In point of error eight, Rocha complains of the trial court's refusal to submit four of his proposed special issues:

What percentage, if any, do you find from a preponderance of the evidence to be the portion of the claim which the Ahmads had against Hengst that the Ahmads assigned to intervenor Rocha in exchange for legal services to be provided by Intervenor?

Do you find from a preponderance of the evidence that the Ahmads failed to collect attorney fees for Thomas Rocha, Jr. from the defendant Hengst?

Do you find from a preponderance of the evidence that the failure to collect such fees was a violation of the contract between Thomas Rocha, Jr., and Dr. and Mrs. Ahmad?

Do you find from a preponderance of the evidence that the attorney fees for the Deceptive Trade Practices Act were to be paid to the Ahmads' attorneys under the law which existed at the time the case of Ahmad v. Hengst was filed?

Rocha argues that the issues were controlling issues affecting his theories of recovery, and he was therefore entitled to their submission. He claims that they are controlling because they are raised in his pleadings. A trial court must only submit those issues raised by the pleadings *and supported by credible evidence.* *Neuhaus v. Kain*, 557 S.W.2d 125, 135 (Tex.Civ.App. —Corpus Christi 1977, writ ref'd n.r.e.); TEX.R.CIV.P. 277, 299. Our supreme court has addressed this issue, and has stated:

> [I]n submitting a case upon special issues, the court should submit only the controlling issues made by the pleadings and the evidence and is not required to submit various phases or shades of the same issue.

*Holmes v. J.C. Penney Co.,* 382 S.W.2d 472, 473–74 (Tex.1964).

We hold that the trial court did not err in refusing to submit the first three requested issues heretofore set out because they are not controlling issues, some are but phases and shades of issues already submitted and there is no credible evidence to support their submission.

Rocha further argues that the issues should have been submitted "in spite of the exclusion of the testimony of ... Drought and the exclusion of the terms of the settlement between Hengst and the Ahmads." This argument is clearly erroneous. The record does not contain any credible evidence in support of the issues, as appellant has admitted. Point of error eight is overruled.

In point of error nine, appellant complains of the submission of special issue one over his timely objection that the issue of good cause for discharging plaintiff should have been submitted separately as to each of the Ahmads. Special issue one is as follows:

> Do you find from a preponderance of the evidence that Mr. and Mrs. Ahmad discharged Mr. Rocha for good cause?
>
> You are instructed that a client has "good cause" to discharge an attorney if the attorney fails to perform his duties in the manner that an attorney of ordinary skill and ability would have performed his duties under the same or similar circumstances.
>
> Answer "yes" or "no".

Once again, Rocha's primary support for this contention is the absence of M.M. Ahmad from trial. As previously stated, M.M. Ahmad was represented by counsel. Further, Janet Ahmad testified of her and her husband's dissatisfaction with Rocha's performance under the contract. Finding no error, point of error nine is overruled.

Point of error ten complains of trial court error in submitting special issue two over Rocha's timely objection because the issue was submitted conditionally, whereas the DTPA makes the award of attorney fees mandatory.

> If you have answered Special Issue No. 1 "yes", then answer Special Issue No. 2. Otherwise, do not answer Special Issue No. 2.

### SPECIAL ISSUE NO. 2

What sum of money as of October 6, 1979, do you find from a preponderance of the evidence, represents the value of

the work and legal services performed by Mr. Rocha in representing Mr. and Mrs. Ahmad against Mr. Hengst?

Answer in dollars and cents.

Answer: $500.00

In support of this argument, appellant cites *Woods v. Littleton,* 554 S.W.2d 662 (Tex. 1977), for the proposition that it "is well-settled that attorney's fees are mandatory." We disagree. It is true that fees are mandatory under DTPA, but only if plaintiff prevails, and if the attorney is entitled to them. In light of our disposition of point of error number one, we hold that the trial court did not commit error in the manner of submitting the issues to the jury. Point of error ten is overruled.

Accordingly, that portion of the trial court's judgment crediting the $500.00 found by the jury to be a reasonable fee due Rocha is reformed to delete the credit so as to render judgment in Rocha's favor for $500.00. The judgment of the trial court denying Rocha and his attorney a reasonable fee for the preparation and prosecution of the instant suit, pursuant to article 2226, is reversed and remanded for a hearing to determine an amount representing a reasonable attorney's fee. In all other respects, the judgment of the trial court is affirmed.