NUMBER 13-05-00651-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


MAURICE P. MIDDLETON, Appellant,


v.
 


DIESEL FUEL INJECTION SERVICES, INC., 

AND PAUL ALFONSE MIDDLETON, Appellees.

 


On appeal from the 404th District Court of Cameron County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Rodriguez and Wittig (1)


Memorandum Opinion Justice Wittig



 In this case, a father sued his son over a debt allegedly owed to him by the family
company. Maurice P. Middleton appeals a take nothing judgment in favor of his son, Paul
Middleton, and his former company, Diesel Fuel Injection Services, Inc., appellees. 
Appellant's loss followed a bench trial. Appellant raises five issues attacking the adverse
judgment. According to his argument, the focus of the appeal is a $74,000 loan he made
to Diesel Fuel in 1992 that was never paid. The additional background and procedural
history is known to the parties and will not be reiterated. Tex. R. Civ. P. 47.1. We will
affirm.

 1. Amended Answer

 Appellant first complains the trial court abused its discretion by allowing an amended
answer on the morning of the one day trial. The answer asserted two previously unpled
defenses of laches and the statute of limitations. In addition to arguing surprise and
prejudice, appellant contends both a prior order of the court and an agreement with the
opposing party did not allow any amendments. Alternatively, the amendment was
prejudicial on its face. According to appellant, the statute of limitations must be specifically
pled or it is waived. He argues under Kilpatrick that a trial court may not refuse a trial
amendment unless: (1) the opposing party presents evidence of surprise or prejudice; or
(2) the amendment asserts a new cause of action or defense, and thus is prejudicial on its
face. The State Bar v. Kilpatrick, 874 S.W.2d 656, 658 (Tex. 1994) (citing Greenhalgh v.
Service Lloyds Ins. Co., 787 S.W.2d 938, 939 (Tex. 1990)). However, the burden of
showing surprise or prejudice rests on the party resisting the amendment. Id. The record
reflects a perfunctory hearing in which appellant claimed surprise or prejudice, but failed
to substantiate this claim before the trial court.

 As appellee argues, the complaining party must file a motion for a continuance,
pleading surprise or prejudice arising from a trial amendment, and have it denied before
he can complain about the granting of a trial amendment. Greenstein, Logan & Co. v.
Burgess Marketing, Inc., 744 S.W.2d 170, 184 (Tex. App.-Waco 1987, writ denied) (citing
Rocha v. Ahmad, 676 S.W.2d 149, 154-55 (Tex. App.-San Antonio 1984, writ dism'd)). 
Under this line of cases, appellant did not preserve error because of his failure to show
prejudice and his failure to ask for a continuance.

 The issue could not be sustained even if it were properly preserved. An appellate
court cannot reverse a judgment for an error of law unless the error was reasonably
calculated to cause and probably did cause the rendition of an improper judgment. Tex. R.
App. P. 44.1(a)(1). The judgment signed and entered by the trial court does not depend
on findings of latches or limitations pled in the trial amendment. 

 Appellant admits and argues that this appeal is centered upon a 1992 promissory
note. Yet appellant's pleadings make no mention of a 1992 note. Rather, appellant's
Second Amended Original Petition, in Count One, complains of a July 1, 1998 note in the
amount of $109,520.00. There is no allusion to the earlier note. Appellant's witness,
attorney Franklin Graham, Jr., deceased, testified he believed the 1992 note to have been
destroyed. Furthermore, in its findings of fact numbers 5 and 6, the trial court found that
appellant did not loan any money to Diesel Fuel in 1998 and that the company did not
execute a note in favor of appellant in 1998. (2) Appellant could not have been harmed by the
trial amendment pleading a defense upon which the judgment does not depend. Therefore,
even assuming that the court abused its discretion when it granted the trial amendment, that
error was harmless because it could not have contributed to the entry of an improper
judgment. Id. 

 Appellant's first issue is overruled.

 2. Affirmative Defenses Waived

 In his second issue, appellant contends the trial court erred in its findings and
conclusions that appellee Diesel Fuel fully paid the debt or that it had offsets. These
affirmative defenses require pleadings, or they are waived. See, e.g., Brown v. American
Transfer & Storage Co., 601 S.W.2d 931, 936 (Tex. 1980) (providing that the right of offset
is an affirmative defense and that the burden of pleading offset and proving facts necessary
to support it are on the party making the assertion). According to appellant, because
payment and offset are not pled, the trial court erred in making "any finding by the trial judge
of 'payment' or 'offset.'" Appellant does not point to any such finding. See Tex. R. App. P.
38.1(h) (providing that clear concise argument requires citations to the record). Our review
of the record indicates the trial court did find that Diesel Fuel fully repaid the 1992 note prior
to 1998. The mystery appellant creates is his insistence that this appeal is centered upon
a 1992 promissory note, rather than the later 1998 note. Appellant's pleadings make no
mention of a 1992 note. As noted, appellant's Second Amended Original Petition, Count
One, complains only of a July 1, 1998 note in the amount of $109,520.00. 

 Appellant complains about an absence in Diesel Fuel's pleadings. Yet we know of
no requirement under rule 94 of the Texas Rules of Civil Procedure, or otherwise, that
requires a defendant to file a responsive pleading to a claim that is itself not pled. While
we cannot conjure up any error by the trial court in finding payment for the 1992 note, such
a finding was not reasonably calculated to cause the rendition of an improper judgment.
Tex. R. App. P. 44.1(a)(1); see also Bed, Bath & Beyond, Inc. v. Urista, 211 S.W.3d 753,
757 (Tex. 2006) (where valid and invalid liability theories or damage elements are
commingled, harm is not presumed; we apply traditional harmless error analysis and
consider whether the instruction "probably caused the rendition of an improper judgment."). 
The judgment sought against Diesel Fuel was claimed on the basis of a non-existent 1998
note. The second issue is overruled. 

 3. No Evidence of Affirmative Defense

 In his third issue, appellant claims error that a take nothing judgment was entered
against him because there was no or insufficient evidence to prove affirmative defenses of
fraud, fraudulent inducement, accord and satisfaction, payment, or offset. He admits there
were no findings by the trial court on accord and satisfaction. Nor does appellant cite to any
material fraud or fraudulent inducement findings or conclusions. He also complains there
was no, or insufficient, evidence of payment or offset regarding the 1992 debt. Appellant
argues he didn't know anything about the corporate and financial documentation presented
from Diesel Fuel, although he was its sole shareholder until 2002.

 Appellees respond that in an appeal from a nonjury trial, a sufficiency challenge must
be directed at specific findings, rather than at the judgment as a whole. They cite Carter
v. Carter, 736 S.W.2d 775, 777 (Tex. App.-Houston [14th Dist.] 1987, no writ). Carter holds
that unless a trial court's findings of fact are challenged by point of error on appeal, they are
binding on the appellate court. Id. (citing Katz v. Rodriguez, 563 S.W.2d 627, 631 (Tex. Civ.
App.-Corpus Christi 1977, writ ref'd n.r.e.)). Because we find that appellant made no
specific attack on a material finding of fact or conclusion of law, the unchallenged findings
that support the judgment will preclude reversal of the case. McGalliard v. Kuhlmann, 722
S.W.2d 694, 696 (Tex. 1986); Cohen v. Sims, 830 S.W.2d 285, 287-88 (Tex. App.-Houston
[14th Dist.] 1992, writ denied) (unchallenged findings of fact are binding on an appellate
court unless the contrary is established as a matter of law or there is no evidence to support
the finding). (3) Specifically the trial court found there was no 1998 note and the 1992 debt
represents a claim unsupported by any pleadings. We overrule this issue.

 4. Legal/Factual Sufficiency

 In his fourth issue, appellant contends the trial court's take nothing judgment against
him is against the great weight of evidence presented at trial or there was no evidence to
support the judgment.

 Findings of fact have the same force and dignity as a jury's answers to jury questions
and are reviewable for legal and factual sufficiency of the evidence under the same
standards applied to jury answers. Ortiz v. Jones, 917 S.W.2d 770, 772 (Tex. 1996);
Catalina v. Blasdel, 881 S.W.2d 295, 297 (Tex. 1994); Anderson v. City of Seven Points,
806 S.W.2d 791, 794 (Tex. 1991). A legal sufficiency challenge may only be sustained
when: (1) the record discloses a complete absence of evidence of a vital fact; (2) the court
is barred by rules of law or of evidence from giving weight to the only evidence offered to
prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere
scintilla; or (4) the evidence establishes conclusively the opposite of a vital fact. Uniroyal
Goodrich Tire Co. v. Martinez, 977 S.W.2d 328, 334 (Tex. 1998). Robert W. Calvert, "No
Evidence" and "Insufficient Evidence" Points of Error, 38 Tex. L. Rev. 361, 362-63 (1960). 
In determining whether there is legally sufficient evidence to support the finding under
review, we must consider evidence favorable to the finding if a reasonable factfinder could,
and disregard evidence contrary to the finding unless a reasonable factfinder could not have
made such a finding. City of Keller v. Wilson, 168 S.W.3d 802, 827 (Tex. 2005).

 In conducting a factual sufficiency review, we consider and weigh all of the evidence
in the case and to set aside the verdict and remand the cause for a new trial, if we conclude
that the verdict is so against the great weight and preponderance of the evidence as to be
manifestly unjust, regardless of whether the record contains some "evidence of probative
force" in support of the verdict. Golden Eagle Archery, Inc. v. Jackson, 116 S.W.3d 757,
761-762 (Tex. 2003). The evidence supporting the verdict is to be weighed along with the 
other evidence in the case, including that which is contrary to the verdict. Id. 

 Both appellant and former Diesel Fuel attorney Graham testified that a note was
signed by Paul Middleton on behalf of Diesel Fuel in both 1992 and 1998. A corporate
resolution evidenced the company's obligation on the 1992 note. However, even according
to appellant and Graham, the 1998 note could not be produced. Appellant argues that the
corporate records of Diesel Fuel, which supported appellees' position, were not binding on
appellant because he never reviewed, signed, consented to, or discussed the financial
documents. Appellant cites no authority for this unusual argument; and we are aware of
none. Appellant's own witness, attorney Graham, testified he thought that the 1992 note
was destroyed when the successor note of 1998 was signed. Graham and appellant
testified they discussed the 1998 note with Middleton, and that the note was mentioned in
appellant's will for several years.

 For his part, Middleton denied any knowledge of the 1998 note, denied signing it, and
denied any discussions about it. There was another note for $230,000 signed February 27,
2002 for the sale of appellant's stock to his son Paul. Appellant also sought to accelerate
this note, which the trial court denied. No appeal was taken on this larger, later note, which
is reflected in Diesel Fuel's financial records. Appellant has been receiving regular
payments on that note. The record also reflects, through the corporate financial records,
that the 1992 note was signed July 1, 1992. Those records also reflect that by December
31st of the same year, only a balance of $24,000 remained on the note. The trial record
also reflects payments by the company to appellant's benefit for both his truck and
insurance. (4) There is, thus, legally sufficient evidence to support the verdict.

 As the fact finder, the trial judge may believe one witness and disbelieve another.
McGalliard, 722 S.W.2d. at 697. The uncontradicted testimony of an interested witness
cannot be considered as doing more than raising an issue of fact unless that testimony is
clear, direct, and positive, and there are no circumstances in evidence tending to discredit
or impeach such testimony. Id. (citing Anchor Casualty Company v. Bowers, 393 S.W.2d
168 (Tex. 1965)). It may resolve inconsistencies in the testimony of any witness. Benoit
v. Wilson, 150 Tex. 273, 239 S.W.2d 792 (1951). 

 Appellant's testimony and Middleton's testimony were at odds with each other. 
Appellant was impeached with his own deposition testimony. He testified he took money
out of a retirement account and put it in the company in 1998. At trial he testified the
purported 1998 note was in effect a renewal and extension of the 1992 note. Yet the
corporate books indicated that some $50,000 of the original 1992 note was somehow paid
or reduced by December 31, 1992. Furthermore, the trial court's finding that there was no
note executed by Diesel Fuel in 1998 went unchallenged in appellant's brief. Accordingly,
we conclude the findings are not so against the great weight and preponderance of the
evidence as to be clearly wrong and unjust. Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986). 
We overrule this fourth issue.

 5. Offset by Counterclaim

 Finally, appellant argues the trial court erred in finding an offset against the 1992
debt based upon appellees' counterclaim. In their counterclaim, appellees asserted as an
alternative defense, (5) that if appellant sold his son the business without disclosing the
alleged 1998 $109,520 debt, then the company would be worth $109,520 less than Paul
Middleton paid for Diesel Fuel. As the argument goes, appellant was the sole shareholder
and could not sell the business with an off-the-books debt owed to him and then turn around
and sue to collect the undisclosed debt. Appellant contends there was no evidence or
insufficient evidence to support the counterclaims for fraud, negligent misrepresentation,
or fraud in a stock transaction. According to appellant, these counterclaims amounted to
a total offset to his claims. Again, appellant does not point to any specific findings in the
record. See Tex. R. App. P. 38.1(h). 

 The trial court rendered the counterclaim moot. In its conclusions of law, the trial
court stated: "The Court finds that his [counter]claim is moot because the Court finds that
there was no 1998 note." The issue became moot because without the alleged 1998 note,
there was no basis for the claims of misrepresentation, fraud or fraud in the stock
transaction. (6) We do not address moot issues. See Tex. R. App. P. 47.1. Appellant's final
issue is overruled. 

 The judgment of the trial court is affirmed.
 

 _______________________

 DON WITTIG 

 Justice



Memorandum Opinion delivered and filed 

this the 30th day of August, 2007.

1. Retired Justice Don Wittig assigned to this Court by the Chief Justice of the Supreme Court of Texas
pursuant to the government code. See Tex. Gov't Code Ann. § 74.003 (Vernon 2005).
2. The findings do acknowledge a 1992 loan of $72,000 by appellant to Diesel Fuel. However, the
findings also state this loan was repaid before 1998.
3. See also Zagorski v. Zagorski, 116 S.W.3d 309, 319 (Tex. App.-Houston [14th Dist.] 2003, pet.
denied).
4. The parties disputed who actually benefitted from the insurance payments.
5. In appellees' brief, the counterclaim is referred to as an affirmative defense.
6. Appellant does not challenge this conclusion of law on appeal.