In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-16-00078-CV
NO. 09-16-00079-CV
_____

EFREM D. SEWELL, Appellant

V.

JOSEPH GUILLORY II, Appellee

And

EFREM D. SEWELL, Appellant

V.

ZURICH AMERICAN INSURANCE COMPANY, Appellee

On Appeal from the County Court at Law No. 1
Jefferson County, Texas
Trial Cause No. 127,976

MEMORANDUM OPINION

This dispute relates to the payment of attorney's fees. In cause number

127,976, filed in the Jefferson County Court at Law No. 1, attorney Efrem Sewell

1

(Appellant or Sewell), filed suit against two parties: his former client, Joseph Guillory II (Guillory), and the insurance company that paid a personal injury settlement to Guillory, Zurich American Insurance Company (Zurich). Sewell alleged that Guillory and Zurich settled the personal injury claim without paying Sewell's contingent fee. In two separate orders, the trial court granted Guillory's no-evidence motion for summary judgment and Zurich's traditional motion for summary judgment. Sewell appeals the summary judgments in favor of Guillory and Zurich.[1]

Facts Regarding the Underlying Personal Injury Lawsuit

In June of 2012, Guillory was riding his motorcycle when he was involved in an accident with another vehicle allegedly driven by Darius Clifton and owned or operated by Diakon Logistics, Inc. (Diakon). Guillory initially hired Sewell to act as his attorney with respect to his claims against Clifton and Diakon. Guillory and Sewell executed a document styled "Contract for Legal Representation" dated June 28, 2012 (hereinafter the "Sewell Fee Agreement"). Pertinent provisions of the Sewell Fee Agreement include the following:

---

[1] A notice of appeal was filed as to both orders. At the direction of the clerk of this Court, the appeal was docketed as two separate appeals. Because the factual and legal issues are interrelated, we address both appeals in this Memorandum Opinion.

1.02 In consideration of the services rendered and to be rendered to Client by said Attorney, the Client does hereby grant, sell, assign and convey to the said Attorney as his compensation herein the following present undivided interest in said claim, 33 1/3% of all funds including PIP that are recovered before suit is filed, and 40% if a collection or settlement is made after suit is filed.

. . . .

1.05 . . . The Attorney may, in his absolute discretion, terminate this agreement at any time by giving me notice of such termination orally or in writing . . . .

. . . .

2.03 No settlement shall be made without Client's approval, nor shall Client obtain any settlement on the aforesaid claims without the Attorney's approval.

. . . .

2.05 However, if in the Attorney's opinion, a fair and reasonable settlement offer is made by an adverse party and [C]lient rejects the advice [of] Attorney to settle, then at Attorney's option, Client shall immediately be obligated to reimburse Attorney for costs and expenses incurred to that time and Attorney may withdraw from the case, retaining a lien for the Attorney fees as outlined in Paragraph Three[2], based upon the value of the offer made at the point of such withdrawal, and the expenses referred to above.

On June 29, 2012, Sewell sent a letter to Zurich (the insurance carrier for Diakon) notifying Zurich that Sewell had been hired to represent Guillory. The June

---

[2] There is no paragraph 3 in the Sewell Fee Agreement included in the appellate record.

29th letter stated that Sewell had been "assigned an undivided interest in this claim and cause of action." On or about February 5, 2013, Guillory sent Sewell a letter notifying Sewell that Guillory was terminating Sewell and that Guillory had retained another attorney. Guillory asked Sewell to forward his file to the new attorney. Clay Dugas was hired by Guillory and in February of 2013, Dugas sent Sewell a letter requesting the Guillory file. Dugas, as the attorney for Guillory, filed suit against Clifton and Diakon in March of 2013. In July 2014, Guillory, represented by Dugas, entered into a Settlement Agreement and Release with Diakon and their "assigns," "attorneys," and "insurers[.]" In the Settlement Agreement and Release, in exchange for the payment of $735,000, Guillory released his claims against Diakon, Clifton, and their "assigns," "attorneys," and "insurers," and agreed to indemnify and hold them harmless from "any and all claims, actions, demands, . . . liens, . . . attorney's fees, . . . which have been asserted or which may be asserted by any person, . . . claimed by[,] through or under [Guillory.]" Guillory also expressly represented to the released parties that he had not "assigned[]" any portion of his claim prior to the execution of the Settlement and Release Agreement except as to Dugas, and expressly agreed to "Indemnify And Hold Harmless Defendants and their insurers from any liability for any such liens or expenses, regardless of any negligence or other fault shown to have been committed by Defendants."

On or about March 9, 2015, Sewell sent Dugas a letter and email wherein Sewell informed Dugas that he was aware that Guillory had obtained a settlement of the claim, and although Guillory had requested a withdrawal by Sewell's firm and Sewell complied, Sewell alleged he "maintained a full attorney fee interest in this matter." Sewell demanded that Sewell's attorney's fees be paid "ASAP." Thereafter, Sewell and Dugas exchanged email communications regarding Sewell's claim to attorney's fees.

On March 12, 2015, Dugas filed a petition in the County Court at Law in Jefferson County, Texas, under Cause No. 127,289, styled *Clay Dugas d/b/a Clay Dugas & Associates v. Efrem Sewell*, seeking a declaratory judgment that Sewell was not entitled to any part of the settlement.

Facts Regarding Sewell's Lawsuit for Attorney's Fees

On April 6, 2015, Sewell filed a lawsuit against Zurich and Guillory in Dallas County, Texas, alleging that Zurich knew or constructively knew of "[Sewell]'s power of attorney and assignment of and retention of an interest in [Guillory]'s case in June 2012 [and] chose to settle with [Guillory]'s new attorney, Clay Dugas only." According to Sewell, Guillory breached the Sewell Fee Agreement and Zurich breached "the assignment agreement." Zurich filed an answer to the Dallas County suit, and Guillory filed a motion to transfer venue, a plea in abatement, and an answer

to the Dallas County suit. The Dallas County court granted the motion to transfer venue and the suit was then transferred to Jefferson County, Texas, and assigned to cause number 127,976.

Zurich filed a traditional Motion for Summary Judgment in cause number 127,976, arguing that it owed no duty to Sewell and that it had no contractual agreement with Sewell. Zurich argued that Sewell's remedy is against his former client and not against Zurich. Sewell filed a Response to Zurich's Motion for Summary Judgment, arguing that Zurich is liable to Sewell because Zurich settled with Guillory and failed to "protect an assignment that [Zurich was] aware of" making Zurich directly liable for such fees and that Zurich has "to pay twice."

Guillory filed a no-evidence motion for summary judgment in cause number 127,976, arguing that there was no evidence that a valid contract exists or that Guillory breached such agreement, and further that because the matter involves a contract for legal services, Sewell would have to prove that his termination "was without good cause[.]" And, he argued there was no evidence that Sewell's termination was without good cause. Sewell filed a response to Guillory's no-evidence motion for summary judgment, attaching his own affidavit and including among other documents, a copy of the Sewell Fee Agreement, and the Settlement Agreement and Release. In cause number 127,289, Sewell filed a no-evidence

6

motion for summary judgment as to the declaratory judgment claims filed by Dugas. Dugas filed a response to Sewell's no-evidence motion for summary judgment, attaching Guillory's affidavit with exhibits attached thereto, as well as an Affidavit from Dugas.

On February 4, 2016, the trial court held a combined hearing on all summary judgment motions. At the conclusion of the hearing, the trial court entered an order granting Zurich's motion for summary judgment and a separate order granting Guillory's no-evidence motion for summary judgment.[3] Sewell filed a notice of appeal as to each order entered in Cause No. 127,976. In his appellate briefs, Sewell contends the trial court erred in granting Guillory's no-evidence motion for summary judgment and in granting Zurich's motion for summary judgment.

Standard of Review

We conduct a de novo review of an order granting a traditional motion for summary judgment. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). In our review, we deem as true all evidence that is favorable to the nonmovant, indulge every reasonable inference to be drawn from the evidence, and resolve any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164

---

[3] The appellate record does not include an order on Sewell's no-evidence motion for summary judgment filed in cause number 127,289, and none of the parties filed an appeal from any such order.

S.W.3d 656, 661 (Tex. 2005). When the trial court does not specify the basis for its ruling, we must affirm a summary judgment if any of the grounds on which judgment is sought are meritorious. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013). To be entitled to traditional summary judgment, a movant must establish that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law on the issues set forth in the motion. Tex. R. Civ. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). Once the movant produces evidence entitling it to summary judgment, the burden shifts to the nonmovant to present evidence raising a genuine issue of material fact. *Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996). A defendant moving for summary judgment who conclusively negates a single essential element of a plaintiff's cause of action is entitled to summary judgment on that claim. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508-09 (Tex. 2010).

In a no-evidence summary judgment motion, the movant contends that although a reasonable time has passed for discovery, no evidence supports one or more essential elements of a claim or cause of action for which the nonmovant would bear the burden of proof at trial. Tex. R. Civ. P. 166a(i); *KCM Fin. LLC v. Bradshaw*, 457 S.W.3d 70, 79 (Tex. 2015). The trial court must grant the no-evidence motion unless the nonmovant raises a genuine issue of material fact on each challenged

8

element. *Id.* (citing *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008)). In conducting our analysis, we must take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). A no-evidence motion for summary judgment is improperly granted if the nonmovant brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact. *Id.* More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Id.* (quoting *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)). Less than a scintilla of evidence exists when the evidence is "'so weak as to do no more than create a mere surmise or suspicion'" of a fact. *Id.* (quoting *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)). When, as here, the order granting summary judgment does not specify the grounds relied upon by the trial court for its ruling, we must affirm the judgment if any theory presented to the trial court in the motion for summary judgment is meritorious. *Knott*, 128 S.W.3d at 216; *State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex. 1993); *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989).

Guillory's No-Evidence Motion for Summary Judgment

Sewell argues that the trial court erred in granting the no-evidence summary judgment because he provided "more than a scintilla" of evidence showing a contract and breach, and that he did not bear the burden of proof to show his termination was "without good cause." In Guillory's no-evidence motion for summary judgment, Guillory argued that there was no evidence that a valid contract exists or that he breached such agreement, and further that because the matter involves a contract for legal services, Sewell would have to prove that his termination "was without good cause." In Sewell's response to the no-evidence motion for summary judgment, Sewell disputed that he had not produced evidence of a valid contingent fee contract and he argued:

> [] Contrary to Defendant Joseph Guillory, II's assertion, Plaintiff has no summary judgment burden to prove a negative, i.e., that the contingent fee contract was not terminated for good cause.
>
> . . . .
>
> [] Whether Defendant Joseph Guillory, II terminated Plaintiff with or without good cause is a genuine issue of material fact that must be decided by the trier of fact. Further if Defendant Joseph Guillory, II terminated Plaintiff with good cause the amount of Plaintiff's *quantum meruit* claim is another genuine issue of material fact that must be decided by the trier of fact. These genuine issues of material fact preclude summary judgment.
>
> . . . .

10

[] Plaintiff is entitled to his full 33% assigned interest unless Defendants can prove Plaintiff is entitled to a lesser sum. Defendants have set forth no summary judgment evidence whatsoever that even raises a genuine issue of material fact concerning termination of the contingent fee agreement for just cause and so Defendants are not entitled to summary judgment.

Sewell argues on appeal that he is entitled to seek a recovery of the "Mandell Remedies" as outlined in *Mandell & Wright v. Thomas*, 441 S.W.2d 841, 847 (Tex. 1969), and that he supplied more than a scintilla of evidence on each of the elements raised in the no-evidence motion for summary judgment. Guillory responds and argues that the Sewell Fee Agreement is "unenforceable because of a critical omission in the fee contract: how a fee was to be calculated in the event of termination of the attorney-client relationship by the client." Guillory also argues that the Sewell Fee Agreement is "unconscionable because a competent lawyer could not form a reasonable belief that Sewell's claimed contingent fee was reasonable since his work did nothing to advance the client's claim." Guillory contends that Sewell's claim based on quantum meruit is improper because "[t]he number of hours which Sewell claims to have worked on the case is patently excessive and impossible to believe[,]" and "Sewell's affidavit did not address all of the factors set forth in the Texas Disciplinary Rules of Professional Conduct [Section 1.04 (b)] or in relevant case law, *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997), which would establish the reasonableness of the

claimed fee." In his reply brief, Sewell contends that Guillory's arguments on appeal regarding unconscionability and reasonableness of his fee, as well as the complaints regarding Sewell's affidavit and the application of the factors set forth in *Arthur Andersen*, were not presented to the trial court by Guillory's pleadings or filings and should not be considered by this Court on appeal.

Enforceability of Sewell Fee Agreement

The first argument asserted by Guillory in his no-evidence motion for summary judgment was that "there is no evidence that a valid, enforceable contract existed between Plaintiff and Joseph Guillory." Guillory did not elaborate in his motion as to why the Sewell Fee Agreement would be invalid or unenforceable. In Sewell's response to the no-evidence motion for summary judgment, Sewell attached his own affidavit with a copy of the Sewell Fee Agreement, and he stated in his affidavit that "Section 1.02 of the contingent fee agreement assigns 33 and 1/3% of Joseph Guillory, II's cause of action to me." On appeal, Sewell contends that he supplied "prima facie proof" of a contract, signed by both parties, that "went on to set forth specific terms, including the assignment of an 'undivided interest in said claim' and 33% to 40% of funds collected, depending on the stage of the litigation." Sewell did not directly address the validity or enforceability of the Sewell

12

Fee Agreement in his response to the no-evidence motion for summary judgment, nor did he address it in his opening appellate brief.

Texas law generally provides that "if an attorney hired on a contingent-fee basis is discharged without cause before the representation is completed, the attorney may seek compensation in quantum meruit or in a suit to enforce the contract by collecting the fee from any damages the client subsequently recovers." *Hoover Slovacek LLP v. Walton*, 206 S.W.3d 557, 561 (Tex. 2006) (citing *Mandell & Wright*, 441 S.W.2d at 847). "Both remedies are subject to the prohibition against charging or collecting an unconscionable fee." *Id.* (citing Tex. Disciplinary R. Prof'l Conduct 1.04(a), *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G app. A (West 2013) (Tex. State Bar R. art. X, § 9)). Subsection (h) of Rule 1.08 prohibits a lawyer from acquiring a lien or other proprietary interest in litigation the lawyer is conducting for a client except the attorney may acquire a lien for a contingent fee interest pursuant to an appropriate written contract. Tex. Disciplinary R. Prof'l Conduct 1.08(h). Guillory argues on appeal that the Sewell Fee Agreement is unenforceable and unconscionable. Whether an agreement is an enforceable contract is a question of law. *Crisp Analytical Lab, L.L.C. v. Jakalam Props. Ltd.*, 422 S.W.3d 85, 89 (Tex. App.—Dallas 2014, pet. denied). However, a determination of

unconscionability involves both questions of law and fact. *Hoover Slovacek*, 206 S.W.3d at 561-62.

As stated above, if an attorney hired on a contingent-fee basis is discharged without good cause before the representation is completed, the attorney may seek compensation from his client under either the contract or in quantum meruit. *Id.* (citing *Mandell & Wright*, 441 S.W.2d at 847). These remedies are known as the *Mandell* remedies. The *Mandell* remedies are strictly construed, and the Texas Supreme Court looks unfavorably upon contingent fee contracts that purport to contract around them. *Id*. Alternatively, if an attorney is terminated for good cause, the attorney is not entitled to recover under the contingent fee contract but he may still be entitled to seek a recovery for services rendered up to the time of discharge under quantum meruit. *Rocha v. Ahmad*, 676 S.W.2d 149, 156 (Tex. App.—San Antonio 1984, writ dism'd). Both remedies are subject to the prohibition against charging or collecting an unconscionable fee. *Hoover Slovacek*, 206 S.W.3d at 561 (citing Tex. Disciplinary Rules Prof'l Conduct R. 1.04(a)). "A fee is unconscionable if a competent lawyer could not form a reasonable belief that the fee is reasonable." Tex. Disciplinary Rules Prof'l Conduct R. 1.04(a).

Taking as true all evidence favorable to the nonmovant, and after indulging every reasonable inference and resolving any doubts in the nonmovant's favor, as

we must, we conclude that the trial court erred in granting Guillory's no-evidence summary judgment. *See Valence Operating Co.*, 164 S.W.3d at 661. Sewell brought forth more than a scintilla of evidence to create a genuine issue of material fact regarding whether he was terminated for good cause, and even if he was terminated for good cause, there remains a genuine issue of material fact pertaining to his claim for a recovery of his fees based on quantum meruit.[4] Therefore, we sustain Sewell's issue as to the motion for summary judgment in favor of Guillory. We reverse the trial court's order granting Guillory's no-evidence motion for summary judgment, and we remand regarding Sewell's alleged claim against Guillory.

Zurich's Traditional Motion for Summary Judgment

In the Zurich Motion for Summary Judgment, Zurich argued that Zurich owed no duty to Sewell and that Zurich was not liable for the payment of the fee sought by Sewell. Zurich argued that it had no contractual relationship with Sewell, it owed no duty to Sewell, Zurich did not cause damages to Sewell, and Sewell's remedy, if any, would be an action against Guillory, as the former client and signatory to the attorney's fee agreement. Zurich also argued that Sewell's rights were derivative of

---

[4] Guillory's argument that the contract between Guillory and Sewell was unenforceable was not presented to the trial court and raised for the first time on appeal. Therefore, we need not address the argument as Guillory has not preserved it for our review. *See Aero Energy, Inc. v. Circle C Drilling Co.*, 699 S.W.2d 821, 822 (Tex. 1985).

Guillory's rights, and that once the trial court dismissed the case with prejudice and Zurich paid the settlement, Guillory's rights against Zurich were extinguished.

Sewell filed a response to Zurich's motion and argued that Zurich paid $735,000 to Guillory and to Guillory's second attorney, Dugas. According to Sewell, Zurich knew prior to settling the claim that Sewell had retained an interest for recovery of his contingency fee. Sewell attached an affidavit to his response and attached thereto a letter dated June 29, 2012, addressed to Zurich. The letter stated in part that Sewell had "been assigned an undivided interest in this claim and cause of action." Sewell alleged two causes of action in his suit against Zurich, breach of an assignment interest in his former client's cause of action and quantum meruit.

As a general rule, a discharged or terminated attorney cannot recover under either theory against the opposing party or its insurance company. *See, e.g.*, *Dow Chemical Co. v. Benton*, 357 S.W.2d 565, 568 (Tex. 1962); *Honeycutt v. Billingsley*, 992 S.W.2d 570, 584 (Tex. App.—Houston [1st Dist.] 1999, pet. denied). There is an exception to this rule when the discharged attorney alleges and proves that his former client and the opposing party conspired to vitiate the attorney's rights under the contingent-fee agreement. *See Honeycutt*, 992 S.W.2d at 584 (citing *Dow Chem.*, 357 S.W.2d at 568). Sewell neither pleaded nor argued in the trial court action that his former client, Guillory, and Diakon (or its insurer, Zurich) conspired to deprive

16

him of any rights he had under his contingent-fee contract with Guillory. Therefore, this case is controlled by the general rule and the exception does not apply.

Sewell's quantum meruit claim is an extra-contractual claim and that claim is not cognizable against Zurich given that the services rendered by Sewell, if any, were for Guillory's benefit, and not for the benefit of Zurich (or its insured, Diakon). *Cf. Hoover Slovacek*, 206 S.W.3d at 561 (allowing discharged attorney to seek compensation in quantum meruit or in a suit to enforce the contract from former client); *Dow Chem.*, 57 S.W.2d at 567-68 (explaining that a "lawyer's rights, based on the contingent fee contract, are wholly derivative from those of his client[]" and that an attorney working on a contingent fee "elects to litigate his interest simultaneously with his client's interest [and] in his client's name[]"); *see also generally Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992) (To recover under the doctrine of quantum meruit, the plaintiff must establish, among other things, that the party sought to be charged agreed to and accepted valuable services or materials from the plaintiff.). Under the facts before us, the quantum meruit claim, if any, would only be viable against Guillory, Sewell's former client. *See Hoover Slovacek*, 206 S.W.3d at 561. Moreover, Sewell's contingent fee agreement with Guillory would not allow Sewell to pursue a separate claim against Zurich. *See id.* We further note that according to the terms of the

17

Settlement Agreement and Release, Guillory settled with Zurich (as an "insurer") for "any and all" claims "resulting from the above described incidents[,]" and that Guillory agreed to indemnify and hold harmless Zurich (as an "insurer"). We overrule Guillory's issue and affirm the trial court's summary judgment in favor of Zurich.

In appellate cause number 09-16-00078-CV, we reverse the trial court's summary judgment in favor of Guillory, and we remand Sewell's claim against Guillory. In appellate cause number 09-16-00079-CV, we affirm the trial court's summary judgment in favor of Zurich.

REVERSED AND REMANDED; AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on July 11, 2017
Opinion Delivered December 21, 2017

Before McKeithen, C.J., Horton and Johnson, JJ.

18